REID, Judge.
This matter is before the Court on a Rule Nisi filed by the garnishee directing the plaintiff to show cause in this Court why the additional evidence filed herein by garnishee should not be made a part of the record herein alternatively if the evidence cannot be introduced for the first time in this Court, garnishee prays this case be remanded to the Lower Court for the introduction of the evidence.
The evidence offered by garnishee consisted of two affidavits annexed to the Rule, one by Robert E. McFall and the other by Everett R. Scott Jr., the two registered agents of process of Snow King Development Corporation averring the Corporation is domiciled in the City of Lake Charles, Parish of Calcasieu, State of Louisiana; that Robert. E. McFall has never been served wtih any papers in this *115 matter; and Everett Scott was served on September 16, 1963, in the City of Lake Charles, Louisiana with the petition for a Rule on the failure of garnishee to answer interrogatories. Service was made on the very day the Rule was made returnable in the Lower Court. Scott’s affidavit disclosed he had received no notice whatsoever through the Sheriff’s office of the reassignment of the Ride.
After securing a judgment against the defendant, Richard J. Guidry, the plaintiff L. J. Mire Jr. filed a garnishment proceeding in the 19th Judicial District Court, in the Parish of East Baton Rouge, against Snow King Development Corporation.
On the failure of the garnishee to answer the interrogatories plaintiff filed a Rule for judgment against the garnishee, assigned for trial on September 16, 1963 at 10:00 A.M., the very day that service was made on garnishee’s agent for service, Everett R. Scott. The Judge of the Lower Court continued the Rule until September 23, 1963 and the Deputy Clerk testified that he notified the garnishee of the continuance. On September 23, 1963 when the garnishee failed to appear or file answer, the matter was reassigned for September 30, 1963, and direct instructions were given to the Deputy Clerk to give notice of the new date to the garnishee through its agent for service.
The Deputy Clerk of Court testified that he forwarded notification to the garnishee but on September 30, 1963, the garnishee still failed to appear or file any proceedings herein, therefore, the Court rendered judgment against the garnishee for the amount of plaintiff’s claim. This judgment was signed on October 4, 1963 and the Deputy Clerk mailed a Copy of the same to the garnishee on the same day. It is from this judgment that the garnishee has brought this appeal.
Contending the Trial Court lacks jurisdiction over a corporation domiciled in another Parish, Snow King Development Corporation, garnishee herein, prosecutes this appeal from a judgment against the Corporation, as employer of defendant, Richard J. Guidry.
The only service of the Rule for judgment against the garnishee was made on. their registered agent for service on September 16, 1963. This service was invalid because it was made upon the return date of the Rule. The only other notice that the garnishee could have received was a letter from the Deputy Clerk informing him of the continuance.
Article 1313 LSA-C.C.P. providing for service by letter or delivery reads as follows :
“A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
“(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing; ” * *
The Rule for judgment against the gai-nishee was one which required an appearance or an answer. This proceeding is authorized by Article 2413 LSA-C.C.P. which requires service of a contradictory motion-upon garnishee.
There appearing no valid service of the Rule against the garnishee for judgment herein and the letter informing the garnishee of the continuance to September 30 was insufficient, the judgment rendered against the garnishee on September 30, 1963- and signed on October 4, 1963 is invalid.
We fail to see the necessity of remanding the case for taking of the testimony to-show the lack of service. Article 2164 LSA-C.C.P. which gives this Court full power to render any judgment it deems-proper reads as follows:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The *116 court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
For these reasons it is ordered, adjudged and decreed that the judgment of the Lower Court be reversed, and that the judgment against the garnishee signed October 4, 1963 is reversed, avoided and set aside as of non-suit; costs of this appeal to be borne by the plaintiff appellee.
Reversed and rendered.