LOTTINGER, Judge.
Defendant-Appellee files a Motion in this Court to dismiss this appeal and alternatively an answer to the appeal. This is an appeal from the judgment of the Family Court of East Baton Rouge Parish, Louisiana, which rejected the demands of plaintiff for separation on the grounds of cruelty and the reconventional demand of defendant for separation on the grounds of abandonment, the Trial Judge having found mutual fault.
Defendant moves to dismiss this appeal on three grounds:
1. That the appeal was not filed within 30 days after signing of the judgment as required by CCP 3942 for suits involving divorce or annulment or separation.
2. That appellant is estopped from prosecuting this appeal because she has filed a second suit, similar to the one appealed from, in which she acquiesces in the judgment complained of, and
3. That appellant has acknowledged the correctness of the judgment complained of by filing a second suit similar in all respects to the first suit from which judgment this appeal has been taken.
The judgment was signed on October 28, 1964, a Wednesday. October 29 and 30, Thursday and Friday, constituted two judicial days. October 31 and November 1, Saturday and Sunday, are holidays in East Baton Rouge Parish and are not judicial days. Thus the next day, Monday, November 2, 1964, is the third judicial day after judgment, and the last day on which a motion for a new trial could have been filed. No such motion was filed.
Thus the time for appeal commenced on November 3, 1964, in accordance with LSA-C.C.P. 3942, 2087 and 1974. Thirty days thereafter would expire on December 2, 1964. This appeal was taken on December 1, 1964, therefore it was timely. Assuming notice was required under LSA-C.C.P. 1913, it would still be timely.
*295 On the question of estoppel defendant has made no showing that he has relied to his detriment on plaintiff’s acquiescence in the judgment. Since he has shown no reliance nor detriment on his part, there can be no estoppel.
LSA-C.C.P. 2085 provides as follows:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment”
In Culpepper v. Slater, La.App., 131 So.2d 76, the Second Circuit held there had been no acquiescence in the judgment when appellant admitted the right of appellee to the principal amount sought, but denied right to interest. The Court stated: “for one to lose the right of an appeal on the ground alleged there must be an absolute voluntary and unconditional acquiescence in the judgment on his part, coupled zvith the intention to abandon the right to appeal” (Emphasis supplied.)
Meyers, Whitty & Hodge, Inc. v. Repich Marine Const., La.App., 143 So.2d 739, involved an appeal from a judgment appointing a receiver for five defendant corporations. After the appeal was taken, appellants’ attorney told the Court he felt that one of the defendants should perform on a contract. This statement was contended by appellee to be acquiescence. The Fourth Circuit held that there was no grounds for dismissal of the appeal and said: “The jurisprudence is to the effect that to lose the right of appeal there must be an unconditional, voluntary and complete acquiescence in the judgment by the appellant, who must have intended to acquiesce and abamdon his right to appeal.” (Emphasis supplied.)
In the instant case, the appellant filed the first suit asking for separation on the grounds of cruelty. The appellee reconvened for separation on grounds of desertion and cruelty. The Trial Judge found mutual fault and dismissed the suit and reconventional demand. It was from this judgment that the appeal was taken.
Appellant’s second suit, which appellee alleges acquiesces in the judgment, seeks a separation on the basis of desertion. This second petition mentions the fact of the judgment but does not specifically state she attempted to return to her husband in compliance with the judgment. In fact, the judgment does not attempt to direct her to return to her husband.
Certainly this second petition does not evidence a voluntary and complete acquiescence with the judgment, and most certainly does not evidence any intent to abandon the right to appeal.
Although the motion to dismiss did not mention the matter, appellee’s brief recites the fact that no transcript of testimony, nor statement of facts is in the record. This recitation is true.
Of course, this Court cannot render an opinion on the case without such documents for there is nothing in the record on which to determine the validity of the judgment. However, appellant may get such a statement of facts in the record, in accordance with our rules, even after the transcript of appeal has been lodged here. Her failure to do this prior to submission of the case would be cause for affirmation of the judgment.
For the reasons assigned, the motion to dismiss the appeal is denied and the answer to the appeal is hereby reserved.
Motion denied.