LOTTINGER, Judge.
This is an appeal from a judgment rendered on a petition for separation from bed and board and a reconventional demand by the defendant in the same proceeding praying for the same relief. On August 27, 1964, appellant, Marilin Raye Smith Cothren, filed a petition for separation from bed and board from the defendant, the appellee herein, Larry O’Neal Cothren.
On September 8, 1964, Mr. Cothren filed an answer and reconventional demand wherein he denied all of the material allegations of the said Mrs. Cothren’s petition and set forth allegations as a plaintiff in reconvention relative to the appellant having abandoned him and having been cruel to him, both of which acts he alleged were sufficient grounds for the granting to him of a separation from bed and board from the appellant. A rule directed to the defendant to show cáuse why alimony pen-dente lite should not be fixed and why the temporary care, custody and control of the minor child born to the parties should not be awarded to appellant was tried on September 8, 1964 and as a result thereof the Court rendered judgment ordering the appellee to pay the sum of $130.00 per month to the appellant for the support of herself and their minor child and awarding the temporary care, custody and control of the minor child to the appellant.
On October 16, 1964, the principal and reconventional demands were tried on the merits. At the conclusion of the trial, the Trial Judge orally rendered judgment in favor of Mr. Cothren and against Mrs. Cothren on the main demand, dismissing the main demand, and further rendered judgment in favor of Mrs. Cothren and against Mr. Cothren on the reconventional demand, thereby also dismissing that demand as well. He assessed the costs against Mr. Cothren as head and master of the community. Thereafter, on October 28, 1964, a written judgment was signed and filed incorporating the provisions of the oral judgment rendered on October 16, 1964.
On November 20, 1964, Mrs. Cothren filed in the same record, a second petition for separation from bed and board wherein she took cognizance of the judgment rendered on October 16, 1964, and went on to allege, in substance, that her husband had been guilty since the rendition of that judgment of having abandoned her and having failed to provide for her support and for that of the minor child. She prayed for a judgment of separation and for the issuance of a second rule to be directed to Mr. Coth-ren for the purpose of fixing alimony pen-dente lite and determining custody of the minor child. Mr. Cothren, through his counsel, on November 30, 1964, then filed three exceptions, a peremptory exception, a declinatory exception and a dilatory exception, all directed at the second petition for separation. The list of minute entries filed in the record by the Clerk indicates that these exceptions were argued on November *131 30, 1964, and were taken under advisement by the Court pending submission of a memorandum by counsel for both parties.
The minutes of the Court thereafter reflect that on December 1, 1964, Mrs. Cothren, on motion of her counsel, was granted a devolutive appeal from the judgment on the merits rendered orally on October 16, 1964, and signed on October 28, 1964, only insofar as said judgment dismissed Mrs. Cothren’s principal demand. The appeal was made returnable to this Court on January 29, 1965, and the appeal bond was fixed in the amount of $100.00. On December 2, 1964, the appellant filed said bond in the record.
The record lodged in this Court contains only the pleadings, the judgment on rule, the judgment on the merits, the reasons for judgment, and the list of minute entries compiled by the Clerk. It contains neither a transcript of testimony or a narrative of the facts in accordance with the provisions of Article 2131 of the Louisiana Code of Civil Procedure. We do not believe that the written reasons for judgment in the record constitute the narrative of the facts required by said Article.
This matter was previously before us on a motion to dismiss this appeal. The appel-lee’s brief on the motion to dismiss recited the fact that no transcript of testimony and no statement of facts was in the record. In the opinion denying the motion to dismiss, we said the following:
“Of course, this Court cannot render an opinion on the case without such documents (transcript of testimony or statement of facts) for there is nothing in the record on which to determine the validity of the judgment. However, appellant may get such a statement of facts in the record, in accordance with our rules, even after the transcript of appeal has been lodged here. Her failure to do this prior to submission of the case would be cause for affirmation of the judgment.”
See Cothren v. Cothren, La.App., 174 So. 2d 293 (1965).
The appellant having failed to file the required statement of facts, there is nothing in the record on which to determine the validity of the judgment. The judgment of the Trial Court is affirmed.
Judgment affirmed.