LANDRY, Judge.
Defendant, Bennie W. Johnson (appellant), prosecutes this appeal from the judgment of the trial court in favor of plaintiff, Union National Life Insurance Company (appellee), in the sum of $675.00, representing the balance in said amount due on three promissory notes executed by appellant pursuant to appellant’s employment by appellee as general agent. In addition, the trial court rejected the major portion of appellant’s reconventional demand for commissions and other monies allegedly due under the written agreement pursuant to which appellant was employed.
Appellant maintains the judgment of the lower court is erroneous and should be set aside and judgment rendered against plaintiff in favor of appellant on his reconven-tional demand in full because: (1) the notes were issued without valid consideration and were intended by the parties as mere receipts for monies received by appellant on behalf of agents under his supervision and control; (2) suit on the notes was untimely inasmuch as maturity of the notes was contingent upon determination of the general agency agreement which required written notice of cancellation, which notice was never given, and (3) the trial court incorrectly found only the sum of $200.00 was due appellant on his reconventional demand.
The notes in question are identical in all terms excepting dates and amounts. Two, in the sum of $400.00 each are dated November 1, 1962, and December 7, 1962, respectively; the third in the sum of $100.00 was executed January 14, 1963. All are payable on demand and stipulate to bear interest at the rate of 1^4 per cent per month. In addition the notes provide that should appellant’s general agency contract be terminated, appellant agrees to pay the full amount upon cancellation thereof together with all legal costs and attorney’s fees incurred by appellee in the collection of the debt. Besides finding appellant entitled to an offset of $200.00 under his reconventional demand, the trial court also allowed defendant credit for the sum of $25.00 paid on the note.
While the briefs of counsel and the trial court’s written reasons for judgment appearing in the record indicate that appellant testified in his own behalf and a Mr. Barger gave evidence in behalf of plaintiff, there appears no transcript of these witnesses’ testimony in the record. Neither do we find in the record an agreed statement of fact entered into between the attorneys for the contending parties or a finding of fact by the trial court. We do find in the record, however, the notes, the original agency agreement dated August 1, 1962, two documents entitled “General Agent’s Supplemental Agreement”, both dated August 1, 1962, a written “General Agent’s Supplemental Contract”, dated August 1, 1962, and a letter by plaintiff’s Agency Supervisor, Leo E. Barger, countersigned by appellant under date of April 9, 1963. Said letter in effect stipulates that unless appellant fulfilled certain production quotas therein specified, the general agency contract would be terminated.
We find nothing in- the record to support appellant’s argument that the “notes” were in fact intended as mere receipts for money .due third parties and were consequently without consideration.
The documents of record herein and the facts found by the trial court as indicated in his reasons for judgment appearing in the record reveal that, pursuant to the general agency agreement, appellant was obligated to provide his salesmen with a monthly drawing account, payment of which was appellant’s obligation solely. To assist appellant, who was without funds to meet these demands, appellee remitted the necessary amounts each month and secured from appellant a promissory note as evidence of such advancement and resulting indebtedness. As did the trial court, we observe that the notes are not so worded as to suggest they were intended to serve as receipts for money accepted for third parties. On the contrary, they 'clearly indicate an unqualified acknowledgment of appellant’s in *308 .debtedness to appellee in the amounts therein stipulated, coupled with the express promise to pay on demand. Nor do we find in the original agency agreement, or either of the supplemental documents, any language or terminology tending to indicate the notes were anything other than what they purported to be on their faces, namely negotiable promissory notes. The instruments in question carry interest and provide for payment of court costs and attorney’s fees in the event of suit for their collection. Such terms are absolutely foreign to receipts for money paid or received. We find, therefore, as did the trial court, that the notes in question were issued and given for valuable consideration, namely, cash advanced by appellee to appellant.
We now consider appellant’s contention that plaintiff untimely instituted suit on the notes inasmuch as their maturity is conditioned upon proper termination of the contract requiring written notice that was never given. In this regard we note that section or paragraph 22 of the original contract provides in essence that failure of appellant to comply with any contract provision shall vest in plaintiff the right of immediate cancellation of the contract. An alternative method of cancellation is provided in that either party (plaintiff or defendant) is given the right to terminate the agreement without cause, upon thirty days written notice to the other. The previously mentioned letter of April 9, 1963, signed by both plaintiff and defendant, modified the initial contract in that pursuant to the letter appellant acknowledged his obligation to produce a certain volume of business within a particular time interval therein specified. It appears it was for this failure that the agreement was terminated. While defendant relies upon the provision requiring thirty days written notice that admittedly was not given, such provision has no application under the circumstances shown. By accepting the terms of the April 9, 1963 letter, defendant became bound by its stipulations. His failure to produce the necessary volume vested in ap-pellee the right to cancel for cause.
This leaves only the matter of appellant’s reconventional demand. Although the briefs of counsel for both litigants and the written reasons for judgment assigned by the trial court indicate oral testimony was given at the trial by appellant and Leo E. Barger, plaintiff’s Agency Supervisor, as hereinabove indicated, the testimony of neither witness appears in the record. Nothing in appellant’s brief indicates such testimony was either taken down in writing as provided for in LSA-C.C.P. Article 2130, or otherwise recorded. Nor do we find in appellant’s brief any explanation why said testimony was not included in the record if it were in fact reduced to writing. We also fail to find any complaint by appellant of the failure of the trial court clerk to include such testimony in the record. We note further the record is devoid of an agreed statement of fact submitted by the litigants and also fails to contain a narration of facts by the trial court as provided by LSA-C.C.P. Article 2131. We further point out that the certificate of the trial court clerk appended to the record indicates the transcript contains all of the testimony adduced at the trial. Our examination of the reasons for judgment assigned by the trial court disclose that whereas they contain a general reference to the testimony of appellant and Barger, no attempt was made therein to summarize their testimony to such extent that it might serve on appeal as a narration or finding of fact by the trial court.
Since appellant’s reconventional demand is dependent entirely upon the testimony of said witnesses, under the circumstances shown, there is nothing before us to review in this respect. LSA-C.C.P. Article 2131; Cothren v. Cothren, La.App., 177 So.2d 129. In such event the judgment of the trial court is presumed correct. Cothren v. Cothren, supra; Clark v. Richardson, La.App., 157 So.2d 325.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.