238 So.2d 780 (1970)
MID-CITY INVESTMENT CO., Inc.
v.
Woodrow W. YOUNG (Acme Brick of Louisiana, Garnishee).
No. 8012.
Court of Appeal of Louisiana, First Circuit.
May 25, 1970.
*781 Walton J. Barnes, Baton Rouge, for appellant.
Robert L. Roland, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff-appellant, Mid-City Investment Co., Inc. (Mid-City), appeals dismissal of its rule for judgment pro confesso against defendant-garnishee, Acme Brick of Louisiana (Acme), for failure of said garnishee to answer interrogatories propounded by appellant as judgment creditor of one Woodrow W. Young. Garnishee has answered the appeal praying for damages for a frivolous appeal. We affirm the judgment *782 dismissing appellant's rules and reject Acme's demand for damages for frivolous appeal.
The undisputed facts are that on January 27, 1966, Mid-City obtained default judgment against Young in the sum of $50.00, together with interest at eight per cent per annum from June 14, 1961, until paid, plus attorney's fees in the sum of 10% on both principal and interest as provided in the promissory note on which the judgment was based. In execution of said judgment, Mid-City filed garnishment proceedings on June 19, 1966, naming Acme as garnishee. On June 24, 1966, Acme was cited by service of appellant's petition and accompanying interrogatories upon Acme's bookkeeper, Donna Anderson. Upon Acme's failure to timely respond to the interrogatories, appellant obtained rules commanding Acme to (1) show cause why judgment pro confesso for the amount of the garnishment should not be rendered against Acme; (2) comply with a writ of subpoena duces tecum directing production of Acme's payroll records concerning Young, and (3) show cause why appellant should not be awarded reasonable attorney's fees in the amount of $50.00 and all costs of the garnishment.
On August 13, 1969, Acme filed a "Motion To Refix" the rule for judgment pro confesso. Pursuant thereto all rules were made returnable on September 8, 1969. In response to appellant's Subpoena Duces Tecum, on August 18, 1969, Acme filed copies of its payroll records relative to the judgment debtor, Young. On September 8, 1966, Acme filed a pleading entitled "Answer To Petition For Rule" wherein it denied all of the allegations of appellant's petition for rules except that Acme is a foreign corporation authorized to do business in this state. The pleading also alleges the declinatory exception of defective citation. In this latter regard Acme's pleading recites that the citation upon its bookeeper was defective and no valid judgment could be rendered thereon in accord with Mire v. Guidry, La.App., 162 So.2d 114. The pleading then concludes with a prayer for judgment against Mid-City recalling and dismissing its rules at its cost. From a judgment signed September 10, 1969, dismissing its petition for rules, Mid-City has appealed.
The trial court did not give reasons for its judgment rejecting appellant's rules. It must be assumed, under the circumstances, that the lower court found Acme's exception of defective citation timely filed and for that reason, dismissed appellant's rules and denied appellant attorney's fees provided by LSA-C.C.P. Article 2413. Appellant contends the trial court erred in (1) finding that Acme's declinatory exception of improper citation was timely filed; (2) failing to find that said exception was waived by Acme's general appearance by way of answer; (3) failing to find that Acme, as garnishee, bore the burden of proving its allegation of defective citation of garnishment proceedings, and (4) failing to award appellant attorney's fees pursuant to Article 2413, above, even though citation may have been defective.
Since the amount of appellant's judgment was less than $100.00, this court ex proprio motu raised the question of requisite jurisdictional amount to support an appeal. We shall first dispose of the jurisdictional issue.
Louisiana Constitution Article 7, Section 29, provides:
"Any provision of this Constitution or law to the contrary notwithstanding, the courts of appeal have appellate jurisdiction of the following cases * * * all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction; and all civil matters involving more than one hundred dollars, exclusive of interest, of which district courts throughout the state have concurrent jurisdiction."
LSA-C.C.P. Article 4 provides that the amount in dispute (the sum involved) in a civil proceeding consists of the principal *783 sum, and the attorney's fees and penalties provided by law or agreement, demanded by plaintiff. Interest and costs are not considered in determining the amount involved or in dispute. Our jurisprudence establishes that for purposes of appeal jurisdictional amount is determined by the amount shown by the pleadings to be in dispute. Smith v. Atkins, La.App., 23 So.2d 649. Attorney's fees demanded are also considered in determining the amount in controversy for the purpose of deciding appellate jurisdiction. Thompson v. Jones, 200 La. 437, 8 So.2d 286.
Applying the foregoing rules to the case at bar, we note that the judgment involved herein is for the sum of $50.00 with interest at 8% from June 14, 1961, until paid, plus attorney's fees in the amount of 10% on both principal and interest. Said judgment therefore amounts to at least $55.00. Upon Acme's failure to answer timely the interrogatories propounded, appellant sought judgment against Acme for the amount of the note, together with an additional $50.00 as attorney's fees pursuant to LSA-C.C.P. Article 2413, which states:
"Art. 2413:
If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion."
The above applicable statute clearly provides that the court shall grant the garnishor reasonable attorney's fees irrespective of its decision on the contradictory motion for judgment. In this instance we consider the sum of $50.00 demanded to be reasonable. We must, therefore, add said sum to the amount of $55.00 in determining appellate jurisdiction. We, therefore, find the total amount demanded to be $105.00, exclusive of interest and cost.
Louisiana Constitution Article 7, Sec. 51, authorizes the creation of municipal courts having concurrent jurisdiction with state district courts. We also find that LSA-R. S. 13:1872 establishes a city court for the City of Baton Rouge and that LSA-C.C.P. Article 4834 grants city courts concurrent jurisdiction with district courts of suits involving less than $1,000.00. Since the case at hand involves an amount in excess of $100.00, but less than $1,000.00, it is a civil matter involving more than one hundred dollars, exclusive of interest and therefore constitutes a matter over which district courts have concurrent jurisdiction. It follows that this court has appellate jurisdiction herein. Louisiana Constitution Article 7, Section 29.
Appellant's first contention is that Acme filed its declinatory exception of improper citation untimely in that it was contained in an answer contrary to LSA-C.C.P. Article 928. As contended by appellant, Article 928 above, requires that a declinatory exception be pleaded prior to answer or judgment by default. Acme's declinatory exception is contained in a pleading styled: "Answer to Petition for Rule".
LSA-C.C.P. Article 865 states that pleadings shall be so construed as to *784 do substantial justice. Our jurisprudence establishes that pleadings are to be construed in the light of their allegations as a whole and not in view of a detached sentence or paragraph therein standing alone. Soniat v. White, 155 La. 290, 99 So. 223. The nomenclature given a pleading is not controlling; the courts will look behind mere headings on pleadings to determine the substance and true nature thereof. Bellow v. New York Fire & Marine Underwriters, Inc., La.App., 215 So.2d 350; Succession of Smith, 247 La. 921, 175 So. 2d 269. We find that Acme's pleading, though styled an "Answer", was in fact merely a declinatory exception. The pleading constitutes a denial of appellant's allegations coupled with the contention that the pleader, a foreign corporation, had not been properly cited in that service was made upon its bookkeeper. The "Answer" posed no defense on the merits and requested no relief other than dismissal of appellant's rules because Acme had not been correctly cited and was therefore not properly in court. Nor do we find that Associate Discount Corporation v. Haviland, La.App., 218 So.2d 59, relied upon by appellant is decisive of the matter at hand. In Haviland, above, a pleading styled "Motion to Deny Attorney's Fees to Seizing Creditor and to Fix Attorney's Fees of Garnishee" was held to constitute an answer and general appearance. In Haviland, above, the court properly held such a pleading was an "appearance" because it requested attorney's fees. There is no such request here. The only thing Acme has ever sought herein is dismissal of the garnishment for lack of proper service of process.
Appellant next contends that Acme waived its declinatory exception of defective citation by making a general appearance when Acme moved to refix appellant's rules and complied with the subpoena duces tecum issued by the trial court.
LSA-C.C.P. Article 925 provides that when defendant makes an appearance, all objections pleadable by way of declinatory exception, except the court's lack of jurisdiction over the subject matter, are waived unless pleaded therein. Also pertinent to the present discussion are the terms of LSA-C.C.P. Article 7, which provides:
"Art. 7.
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the non-residence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the declinatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."
Article 7, above, provides that a pleading constitutes a waiver of objections when it seeks relief other than the categories of relief therein expressly specified. Acme's motion to refix appellant's rules in *785 effect constituted a request for an extension of time within the purview of subdivision (2) of Article 7, above. Said motion did not, therefore, constitute a general appearance. Nor does Acme's compliance with the subpoena duces tecum constitute a general appearance. Such compliance neither sought relief nor raised any legal issue. It merely obeyed the court's order to produce documents.
We find Acme's exception of improper citation well founded. Corporations, domestic and foreign, must be cited by personal service upon any one of their agents designated for service of process. If a corporation has failed to designate an agent for service of process, or has no registered agent by reason of death, resignation or removal, service may be made upon any officer, director or employee of suitable age and discretion, at any place where the corporation's business is conducted. LSA-C.C.P. Article 1261.
In garnishment proceedings service of process on the garnishee must be according to law and the garnishee is required to answer garnishor's interrogatories under oath within fifteen days of service. LSA-C.C. P. Article 2412.
The record before us contains no transcript of testimony, no agreed statement of fact by opposing counsel, and no statement of the trial court as to the evidence adduced below. The lower court did not assign reasons for its judgment dismissing appellant's rules on Acme's exception of improper citation. Such result could not have been reached without a finding that Acme had a duly authorized agent for service of process and the correlative finding that the trial court lacked personal jurisdiction over the garnishee. Abroms v. Davis, La.App., 203 So.2d 871.
Factual findings of a trial court are entitled to great weight and are not to be disturbed in the absence of a showing of manifest error. Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572. Where a record on appeal does not contain a transcript of testimony, an agreed statement of facts signed by opposing counsel or a written statement of facts by the trial court, it is presumed the judgment was supported by competent evidence. LSA-C.C.P. Article 2131; Cothren v. Cothren, La.App., 177 So.2d 129; National Union Life Insurance Company v. Johnson, La.App., 193 So.2d 306.
Under the circumstances of this case we find no merit in the contention that the trial court erred in failing to find that the burden of proof shifted to Acme when appellant filed its motion for judgment pro confesso, as held in Vela v. Jurisich, La.App., 210 So.2d 108. In Vela, above, it appears that the garnishee untimely answered after having been properly cited. Assuming the burden rested on Acme pursuant to the rule announced in Vela, above, it must be presumed Acme has discharged that onus because judgment was rendered below in its favor. Cothren v. Cothren, above.
Nor do we find that appellant is entitled to attorney's fees as provided in LSA-C.C.P. Article 2413, which provides that regardless of the decision on a garnishor's contradictory motion for judgment pro confesso, judgment shall be rendered against the garnishee for reasonable attorney's fees.
This portion of the statute is obviously penal in nature and therefore must be strictly construed. Hazel v. Robinson & Young, La.App., 171 So. 140. We do not believe the legislature intended the attorney's fees provision of Article 2413, above, to apply to a situation in which the garnishment proceeding is dismissed upon a declinatory exception of lack of proper citation. To hold otherwise is to permit the garnishor to profit from a fatal procedural mistake for which garnishor alone is responsible.
*786 Inasmuch as this appeal presented substantial questions of law, we find no merit in defendant's claim for damages for frivolous appeal.
The judgment of the trial court is affirmed at appellant's cost.