FRUGÉ, Judge.
This is an action to recover damages under an automobile insurance policy issued by the defendant-appellant, Northland Insurance Company. Appellee purchased the automobile, a 1964 Pontiac, from General Motors Acceptance Corporation who had repossessed said automobile from defendant’s insured, John Rougeau. G.M.A.C. was the loss-payee under a policy of insurance bearing No. A.189307, which policy had been issued to John Rougeau.
Plaintiff-appellee sued for collision insurance benefits against defendant-appellant on February 24, 1970. Service of process was made on the Secretary of State by the Sheriff of East Baton Rouge Parish on February 25, 1970. A preliminary default was duly entered on March 13, 1970, and on March 18, 1970, the preliminary default was confirmed in the Thirteenth Judicial District Court. From this default judgment, the defendant has appealed suspensively. We affirm.
Northland Insurance Company, defendant-appellant, is a foreign insurer licensed to do business in the State of Louisiana. In the instant case, service of process was had upon the Secretary of State pursuant to the authorization of La.R.S. 22:-985. As directed by that statute, the Secretary of State mailed a copy of the service of process to the home office of Northland Insurance Company in St. Paul, Minnesota. It is the contention of appellant that this manner of service of process was improper, because the insurance policy sued upon contained a directive that the service of process be sent to the Fountain Agency in Baton Rouge, Louisiana, who is the general agent of Northland Insurance Company in Louisiana. We find no merit to this contention. Under La.R.S. 22:985, service upon the Secretary of State constitutes service upon the foreign insurer. Under the statute, the Secretary of State is then directed to mail a copy of the process to the person designated for the purpose by the insurer. The record shows that the Secretary of State mailed a copy of the process to the home office of the foreign insurer. Thus, Northland received actual notice of the suit pending against it, upon receipt of the process at its office in St. Paul, Minnesota.
Appellant states that the citation was not received at the Baton Rouge office until March 18, 1970. Any delay in receipt of this citation could have been caused only by delay in forwarding said citation from the office in St. Paul, Minnesota, to the office in Baton Rouge.
The defendant-appellant also contends that the amount of the damages awarded were excessive and spurious. The district judge, in confirming the default judgment, heard evidence as to the plaintiff’s demands. The record does not contain, nor does the plaintiff offer, any proof or evidence as to the value of the automobile or the extent of the damage to the automobile.
Appellant also contends that there is no privity of contract between the defendant and the plaintiff which affords defendant any right of action. Appellant argues further, in an exception of no cause of action filed in this court, that plaintiff has not shown any written contractual agreement by which plaintiff became sub-rogated to the rights of the loss-payee of this policy. The jurisprudence of this state is clear, however, that:
“Where a record on appeal does not contain a transcript of testimony, an agreed *816 statement of facts signed by opposing counsel, or a written statement of facts by the trial court, it is presumed the judgment was supported by competent evidence.” Mid-City Investment Co., Inc. v. Young, 238 So.2d 780, 785 (La.App. 1st Cir. 1970), citing LSA-C.C.P. Art. 2131; Cothren v. Cothren, La.App., 177 So.2d 129; National Union Life Insurance Co. v. Johnson, La.App., 193 So.2d 306. See also: Harvey v. McMinn, 238 So.2d 772 (La.App. 1st Cir. 1970).
For the above and foregoing reasons, the exception of no cause of action is overruled. The judgment of the district court is affirmed. All costs to be paid by defendant-appellant.
Affirmed.