276 So.2d 372 (1973)
Succession of Spencer WALKER.
No. 12059.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Rehearing Denied, May 1, 1973.
Writ Granted June 29, 1973.
Holloway, Baker, Culpepper, Brunson & Cooper by William H. Baker, Jonesboro, for appellants, William Melvin Huey, Martha Earlene Huey and Katheryn Huey.
Leon Whitten, Jonesboro, for appellee, Jessie Goree.
Kidd & McLeod by Robert P. McLeod and Paul Henry Kidd, Monroe, for appellees, Willie James Huey and others.
Emmons & Henry by W. Jackson Emmons, Jonesboro, for absent defendants.
*373 Before BOLIN, HEARD and HALL, JJ.
Rehearing En Banc Denied, May 1, 1973.
HALL, Judge.
This suit involves a dispute over a one-fourth interest in the Succession of Spencer Walker who died intestate. The contested issue in the district court was whether the second marriage of Willie Huey, a half brother of Spencer Walker, was a putative marriage in which case the descendants of the putative marriage would inherit along with the descendants of Huey's first marriage. After trial on this issue judgment was rendered in favor of the descendants of Willie Huey's first marriage, declaring Huey's second marriage null and void. The descendants of the second marriage then perfected an appeal to this Court.
On petition of the administratrix of the succession, a judgment of possession was signed on February 11, 1972, sending all the heirs of Spencer Walker into possession of their respective shares of his succession, with the exception of the heirs of Willie Huey, it being alleged that there was a question as to the validity of Huey's second marriage. An attorney at law was appointed to represent the absent heirs of Willie Huey. This litigation only involves the interests of the heirs of Willie Huey.
On April 24, 1972, the descendants of the first marriage (plaintiffs-in-rule) filed a petition alleging the invalidity of the second marriage because it took place prior to Willie Huey's divorce from his first wife. A rule nisi was issued directing the descendants of the second marriage (defendants-in-rule) to show cause why the plaintiffs-in-rule should not be decreed to be the only legal heirs of Willie Huey and as such sent into possession of a one-fourth interest in the succession. Defendants-in-rule were served through the attorney appointed to represent them.
The attorney appointed to represent the defendants-in-rule filed general denials on their behalf on April 29, 1972.
The minutes of the court reflect that on May 19, 1972, the rule was taken up, tried, evidence adduced to a conclusion thereon, witnesses heard, argued and submitted, and judgment rendered in favor of the plaintiffs-in-rule. An oral motion for new trial was taken under advisement by the court.
On July 21, 1972, the attorney appointed to represent the defendants-in-rule filed a motion alleging he wrote letters to each of the defendants after the trial and received replies from each stating they wished to make a claim in the succession proceeding. The court signed an order granting defendants-in-rule until August 19, 1972, to make a formal claim in the succession proceeding.
On August 14, 1972, documents styled "Statement of Claim of Interest in Estate" in affidavit form signed by each of the three defendants-in-rule were filed in the proceeding. The essence of each affidavit was an assertion of their mother's good faith in marrying Willie Huey and her lack of knowledge of his prior marriage. No further pleadings were filed by the defendants-in-rule.
Final judgment was read and signed on September 5, 1972, awarding judgment in favor of the plaintiffs-in-rule.
A motion for a new trial was filed on September 8, 1972, by the attorney appointed to represent defendants-in-rule. The basis of the motion was the three affidavits of the defendants and an unsigned, unnotarized deposition of Emma Garr, Willie Huey's second wife, asserting her good faith in this marriage. The deposition had previously been filed in the record prior to trial by plaintiffs-in-rule.
On October 6, 1972, the motion for a new trial was fixed for hearing on November 6, 1972, and the appointed attorney was relieved by order of the court as defendants-in-rule had retained their own counsel.
The motion for a new trial was heard and denied on November 6, 1972, and this appeal was then perfected.
*374 On appeal, present counsel for appellants has thoroughly and exhaustively briefed the merits of the case, that is, whether the second marriage was putative and the legal effect thereof. However, no transcript was made of the evidence that was taken, nor did the appellants seek a narrative of facts under LSA-Code of Civil Procedure Article 2131 which provides:
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
The law is clear that the appellant bears the responsibility of securing a narrative of facts where there has been no transcript of testimony made during a trial. See Pearson v. Hartford Accident & Indemnity Company, 263 So.2d 430 (La.App.1st Cir. 1972); Stansbury v. Stansbury, 258 So.2d 170 (La.App.1st Cir. 1972); Webre v. Heard, 207 So.2d 880 (La.App.1st Cir. 1968); Chapman v. Lalumia, 154 So.2d 93 (La.App.4th Cir. 1963); LSA-Code of Civil Procedure Articles 2130-2131.
Thus, this court is faced with a record on appeal that contains no transcript, no agreed statement of facts signed by opposing counsel, and no narrative of facts by the trial judge. In such cases the judgment of the trial court is presumed to be supported by competent evidence. See Morein Motor Company v. Northland Insurance Company, 241 So.2d 814 (La.App.3d Cir. 1970); Mid-City Investment Co., Inc. v. Young, 238 So.2d 780 (La.App.1st Cir. 1970); Harvey v. McMinn, 238 So.2d 772 (La.App.1st Cir. 1970); National Union Life Insurance Company v. Johnson, 193 So.2d 306 (La.App.1st Cir. 1966); Cothren v. Cothren, 177 So.2d 129 (La.App.1st Cir. 1965).
As far as the record reveals, no claim was made in district court that defendants-in-rule did not have ample opportunity to have their day in court and to present such evidence as was available to them. No such claim is made in this court and we are not asked to remand the case for the taking of further evidence, nor is there any contention that further evidence exists or is available.
There being no evidence in the record for review by this court and the presumption being that the judgment of the trial court is supported by competent evidence, the judgment of the district court must be affirmed.
For the reasons assigned, the judgment of the district court is affirmed recognizing the plaintiffs, Willie James Huey, Willie Mae Huey, Patricia Ann Huey and Bobby Ray Huey as the sole heirs of Willie Huey, and as such entitled to the ownership of and to be placed in possession of an undivided one-fourth interest of the Succession of Spencer Walker, and more particularly the following described property:
(1) $10,948.39 deposited in the Registry of this Court;
(2) An undivided one-fourth interest in 110 acres in Lincoln Parish, Louisiana, more particularly described as follows:
NW/4 of NE/4, less ten acres, Section 35, Township 20 North, Range 4 and E/2 of NE/4 of Section 35, Township 24 North, situated in Lincoln Parish, Louisiana, less a right of way to Lincoln Parish Police Jury, 110 acres, more or less;
(3) A house and lot in East Hodge, Louisiana, more particularly described as follows:
Beginning at the Southwest corner of NE/4 of NW/4 of Section 19, *375 Township 15 North, Range 3 West, and running North 210 feet, thence East 210 feet for a starting point, thence North 210 feet, thence East 210 feet, thence South 210 feet, thence West 210 feet to the starting point, and containing one acre, more or less, less and except a strip of land eight (8) feet in width across the South side reserved for street or road purposes, together with all improvements and appurtenances thereunto belonging, situated in Jackson Parish, Louisiana.
The costs of appeal are assessed to appellants.
Affirmed.