480 So.2d 789 (1985)
Louella Cain MILLER, Plaintiff-Appellant,
v.
Virgle E. MILLER, Defendant-Appellee.
No. 84-802.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Writ Denied January 31, 1986.
*790 Alfred S. Landry, Lafayette, for plaintiff-appellant.
William J.F. Gearheard, Howard Martin, Lafayette, for defendant-appellee.
Before GUIDRY, STOKER and KING, JJ.
GUIDRY, Judge.
This matter was consolidated for purposes of appeal with a similarly entitled matter, Miller v. Miller, 480 So.2d 795 (La.App. 3rd Cir.1985). For the reasons hereafter set forth, we decide the issues in both appeals in this opinion but will render a separate decree in the matter above referred to.
These matters stem from a partition of community property between the parties. This litigation is of long standing and has been before this court on two separate occasions, see 405 So.2d 534 (La.App. 3rd Cir.1981) and 405 So.2d 564 (La.App. 3rd Cir.1981). Following finality of our decision with regard to the merits of the community property partition, plaintiff, Louella Cain Miller, filed a "Petition for Rule Nisi" requesting the trial court to adjudicate certain items belonging to the community as divisible in kind and certain other items as divisable by licitation. Plaintiff also filed a Rule Nisi requesting that monies in certain Texas bank accounts in the name of Virgle E. Miller be declared community property and ordered partitioned. Plaintiff has appealed the separate judgments of the trial court, i.e., a judgment finding that the matter of the division of the Texas bank accounts was res judicata (our docket number 84-802) and a judgment which ordered a division and distribution of the proceeds from the sale and rental of the community home (our docket number 84-993).[1]

FACTS
Louella Cain Miller and Virgle E. Miller were married on January 23, 1962. The parties were divorced on August 10, 1977. On July 25, 1978, Louella filed suit for a partition of the community property. Judgment in the suit was rendered by the trial court on June 2, 1980. The latter judgment set forth with specificity of description the several items of property found by the trial court to be community property. Louella appealed the trial court's June 2, 1980 judgment objecting only to the trial court determination with reference to a profit sharing plan which Virgle had with his employer. Virgle answered the appeal asserting eight claims for set-offs which had been denied by the trial court. In a decision rendered October 7, 1981, we affirmed the trial court's ruling in part and amended it in part to hold that Virgle's account in the profit sharing plan was a community asset and therefore, Louella was entitled to one-half of all contributions and earnings. We also held that the trial court's award of attorney's fees was erroneous and therefore reversed and set aside that part of the judgment. Miller v. Miller, 405 So.2d 564 (La.App. 3rd Cir. 1981).
On January 15, 1982, after finality of our judgment, Louella filed a "Petition for Rule Nisi" requesting a determination by the trial court that certain community properties were divisible in kind; the family home belonging to the former community was indivisible in kind and therefore should be partitioned by public sale; and, the parties should be recognized as owners of the above properties and sent into possession of same. Judgment on this rule was signed on September 20, 1982 wherein certain property was adjudged divisible in kind and the parties were sent into possession of *791 the equally divided property. The judgment further provided that:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all amounts of money received for any reason which belong to the community property estate of the parties, including rental income from community home which plaintiff has rented since March, 1975 less expenses is to be divided equally between the parties and anyone holding said funds is hereby directed to distribute the funds equally to the parties. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the immovable property belonging to the community as the former family home, is declared indivisible in kind and the Sheriff is ordered to seize it and sell it at public auction after due advertisement and appraisal in accordance with law. The parties are allowed to sell said immovable property at private sale or to one of the parties during said interval."
On May 20, 1982, Louella filed another "Petition for Rule Nisi" requesting that monies in two bank accounts in the name of Virgle Miller in the Texas Commerce Bank in Houston, Texas, be partitioned by the court. By minute entry of May 15, 1984, the trial court rejected Louella's claim, holding that the court had previously ruled on the issue of the ownership of monies in the Texas bank accounts. The trial judge stated that such matter was therefore res judicata. Formal judgment to this effect was signed by the trial court on May 25, 1984. Louella took a devolutive appeal from that judgment on June 25, 1984. (Our Docket No. 84-802).
Louella filed a "Rule to Show Cause" on June 22, 1984 requesting that Virgle appear and show cause why a second judgment on the May 20, 1982 rule regarding the monies from the Texas bank accounts should not be disregarded. This rule alleged that Virgle had submitted to the trial court a document entitled "Judgment on Rule" for the purpose of obtaining a second judgment on the rule. Asserting that the judgment of May 25, 1984 completely disposed of the issue on that rule, Louella sought to have any second judgment on the same rule barred. She further contended that the trial court was divested of jurisdiction to enter another judgment on that rule due to the pendency of such judgment on appeal with this court.
On July 9, 1984, Louella filed yet another Rule Nisi, this one seeking to have funds in the registry of the court belonging to the former community distributed between the parties. In this rule, Louella asserted that rental funds of the family home had been equally divided between the parties since June 2, 1984.
On August 8, 1984, Louella filed a motion to continue the scheduled rules due to the fact that the May 25, 1984 judgment had been appealed. Instead of granting the motion to continue, Judge Marcus Broussard, Jr., ordered that the rules scheduled for hearing in August of 1984 be recalled.
On September 4, 1984, District Judge G. Bradford Ware, who was assigned to hear all matters in this case, signed a judgment allegedly pursuant to a hearing held in chambers on January 10, 1984. The judgment set forth the following:
"The court, having heard the pleadings, evidence and argument of counsel, and considering the law and the evidence to be in favor of defendant in rule, VIRGLE E. MILLER, set forth in minute entry dated May 14, 1984;
That the court has ruled on the issue of the amount each of the parties is to receive from the sale of the community home, on June 2, 1980, and in this regard, each party is to receive $21,900 of the $43,800.00 in the escrow account; from this amount is deducted one-half (½) of $25,753.00 (which represents revenue received from rental of the family home) or $12,786.50 from Louella Cain Miller's share since she has received the total rental income from March 1, 1975 to December 31, 1979;
Accordingly, it is therefore ORDERED, ADJUDGED AND DECREED that VIRGLE E. MILLER is to receive *792 his one-half (½) share of the amount in escrow for his share of the family home of $21,900.00 plus his one-half (½) share of the revenue received from rental of the family home between March 1, 1975 and December 31, 1979 of $12,786.50 or a total of $34,686.50; the balance remaining of $9,113.50 in the escrow account is to be paid to Louella Cain Miller; Costs of this matter are to be borne by Louella Cain Miller."
The issues presented by these appeals are: (1) whether the trial court erred in ruling that the issue of the ownership of monies in the bank accounts at Texas Commerce Bank was res judicata; and, (2) whether the trial court erred in rendering the September 4, 1984 judgment.

RES JUDICATA
Appellant contends that the trial court erred in ruling that the issue of whether the monies in the Texas bank accounts were community or separate property was res judicata. We find no error in the trial court's decision.
Plaintiff initially petitioned the court for a partition of community property on July 26, 1978. The record reveals that an inventory was not ordered and neither party produced or filed a detailed descriptive list. The minutes of court on May 14, 1979 indicate that plaintiff, Louella Cain Miller, filed into evidence numerous bank statements from Texas Commerce Bank, regarding a checking and savings account in the name of Virgle E. Miller. The deposition of Virgle Miller was also introduced into evidence. In this deposition, Virgle discussed his accounts with Texas Commerce Bank, stating that both were opened prior to his marriage to plaintiff. Trial on the matter was held on May 14, 1979, wherein Virgle Miller testified at length regarding his checking and savings accounts at Texas Commerce Bank. Virgle claimed various set-offs based on his contention that he had used his separate funds from the Texas Commerce Bank accounts to purchase certain stocks claimed by Louella to be community. At the end of all testimony and evidence on the issue, the trial court took the matter under advisement. By minute entry dated May 2, 1980, the trial judge noted that the parties agreed to certain enumerated divisions of the community, leaving only three contested issues remaining for him to decide. By judgment dated June 2, 1980, Judge Ware divided the community as per the minutes of May 2, 1980. There was no mention of the Texas bank accounts in either the minutes or the judgment. Virgle's claims for set-off were denied by the trial court due to the fact that the only evidence presented to support his claims was his own testimony that he used separate funds to buy the community stock. We affirmed this decision on appeal, holding that the trial judge's factual findings were not clearly wrong. Plaintiff appealed said judgment objecting only to the trial court's determination on the issue of defendant's profit sharing plan. It was not until the filing of the May 20, 1982 rule that plaintiff complained that the bank accounts had not been partitioned by the trial court.
At the time that the trial judge denied plaintiff's rule on the basis of res judicata, La.C.C. Art. 2286 set forth the theory of civilian res judicata as follows:[2]
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
In the present case, the thing demanded is the same, i.e., the partition of the funds in the Texas Commerce Bank accounts held in the name of Virgle E. Miller. Plaintiff obviously sought a partition of those funds in the original partition trial since she introduced into evidence bank statements regarding those accounts and questioned defendant *793 at length on the matter. The cause of action is also the same in that it evolves out of the dissolution of the community of acquets and gains which existed between the parties and a division of the property belonging to that community. Finally, the demand was obviously between the same parties, Louella and Virgle Miller.
Plaintiff contends that, since the judgment of June 2, 1980 was silent with regard to the bank accounts, no decision was reached by the trial court on that issue and it thus remains subject to partition. We disagree.
Under established jurisprudence, all of the issues presented by the pleadings and on which evidence has been offered will be considered as having been disposed of by a final judgment in the cause, and any demands passed over in silence will be considered as having been rejected by the trial court in the absence of a special reservation. Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3rd Cir.1975); Sound Doctor Recording Studio, Inc. v. Conn, 391 So.2d 520 (La.App. 3rd Cir.1980); LeNy v. Friedman, 372 So.2d 721 (La.App. 4th Cir.1979), writ denied, 375 So.2d 943 (La.1979). Since the matter as to classification of the bank accounts as community or separate property was placed at issue and evidence was offered on such issue at trial, the judgment of the trial court dated June 2, 1980, which specifically identified all properties found by the trial court to be community property and which omitted any reference to the Texas bank accounts, must be held to have rejected appellant's claim that such accounts were community property. In effect, the trial judge's silence was a finding that the monies in the bank accounts were Virgle's separate funds. Although a final judgment may be amended at any time to correct an error of calculation or to alter the phraseology, to change the substance of a judgment a party must either seek a new trial or take an appeal. La.C.C.P. Arts. 1951; 1971 et seq.; 2082 et seq. Plaintiff's failure to urge that issue in an application for new trial or to raise such matter in her appeal of the June 2, 1980 judgment renders the trial court's determination of that issue res judicata. We therefore find no error in the trial judge's ruling of res judicata.[3]

SEPTEMBER 4, 1984 JUDGMENT
Plaintiff contends that the judgment rendered on September 4, 1984 should be reversed for the following reasons: (1) the trial court had been divested of jurisdiction of the matter by the June 25, 1984 appeal to this court; (2) the trial court had already signed a judgment on the rule; and, (3) the judgment was completely unsupported by any evidence.
We must first decide whether the trial court had jurisdiction to hear the rule during the pendency of the June 25, 1984 appeal. Appellant urges that the trial court was divested of jurisdiction under La.C.C.P. Art. 2088, which divests the trial court of jurisdiction over issues reviewable under an appeal.
La.C.C.P. Art. 2088 provides in part:

*794 "The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal."
Article 2088 then lists ten specific areas over which the trial court retains jurisdiction while a case is under appeal.
In the appeal which bears our docket number 84-802, the issue under appeal is the correctness of the trial court's ruling on the classification of the monies in the Texas bank accounts. The question is whether the trial court was divested by that appeal with jurisdiction to decide the issue as to the distribution of funds from the sale of the community home. We find that its jurisdiction was not divested as to the latter issue by the appeal of June 25, 1984. Appellant's argument in this respect fails.
Appellant's next argument suggesting invalidity of the September 4, 1984 judgment is that the trial court had already signed a prior judgment on the rule, apparently referring to the judgment of May 25, 1984.
The May 25, 1984 judgment of res judicata relates solely to plaintiff's rule of May 20, 1982 concerning classification of the Texas bank accounts. The September judgment has absolutely nothing to do with the May 25, 1984 judgment;[4] it neither alters nor amends such judgment. We recognize the rule that once a judgment is rendered and signed, the trial judge has no authority to sign another judgment which makes a substantive change in the initial one. Cox v. Kirkpatrick, 393 So.2d 1284 (La.App. 1st Cir.1980), writ denied, 395 So.2d 682 (La.1981), writ granted in part and denied in part, 396 So.2d 926 (La.1981).
However, this rule has no application in the instant case. The two judgments decide two completely separate issues.
Appellant finally contends that the judgment of September 4, 1984 should be reversed because it was completely unsupported by any evidence which had been submitted. As above noted, the judgment states that the issues therein decided were heard in chambers on January 10, 1984. The minutes of court for January 10, 1984 reflect that no evidence was adduced and that the matter was taken up in chambers.
When a judgment has been rendered and no note of evidence has been made, it is incumbent on the party desiring to appeal to secure a narrative in accordance with La.C.C.P. Arts. 2130 and 2131. United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir.1984). In cases where factual issues are involved and the record on appeal contains no transcript, nor a narrative of the facts, the courts apply the presumption that the trial court's judgment is supported by competent evidence. Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982); Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2nd Cir.1982); Morein Motor Company v. Northland Insurance Company, 241 So.2d 814 (La.App. 3rd Cir. 1970).
The instant case is however, an exception to the above rule. In this case, appellant did not fail to secure a narrative of the evidence since the minutes reflect that no evidence was adduced. The record does reflect that evidence was filed into the record on January 19, 1984, some nine days following the hearing in chambers, regarding rentals paid to Louella from February 15, 1978 through August 7, 1979. However, it is noted that the judgment of September 4, 1984 charges appellant with receipt of all rents for the period from March 1, 1975 to December 31, 1979. The record also fails to show that a hearing of the rule *795 ever took place. All that is evident from the minutes is that a meeting took place in chambers, purportedly between opposing counsel and Judge Ware. The record is also lacking as to whether any stipulation or compromise was agreed to by the parties at such meeting. Therefore, such meeting does not suffice as a contradictory hearing on the rule. Appellant is entitled, under fundamental due process, to a contradictory hearing of her rule. Any judgment under these circumstances is improper where there is no evidence in the record to support it. We therefore reverse the trial court's judgment of September 4, 1984 and remand the case for further proceedings concerning a proper division of the rentals from the community home prior to its sale.
We note here that the record is not clear as to which rule the September 4, 1984 judgment adjudged. As mentioned earlier, said judgment does not pertain to plaintiff's May 20, 1982 rule regarding the Texas bank accounts. Nor does it relate to plaintiff's January 15, 1982 rule since a prior judgment has been rendered on that issue. Since plaintiff's rule of July 9, 1984 requested the court to divide and distribute the funds in the registry of the court, and since the September 4, 1984 judgment did in fact divide and order to be distributed the funds held in escrow, it would seem apparent that such judgment relates to the July 9, 1984 rule. However, the September judgment refers to a meeting held in chambers on the rule on January 10, 1984, over six months prior to the filing of the rule. Nevertheless, we remand for the trial court to hear and decide the July 9, 1984 Rule Nisi, which seeks a distribution of funds held in escrow by the court, presumably consisting of monies derived from the sale of the community home.

DECREE
For the above and foregoing reasons, the trial court's judgment of May 25, 1984 sustaining appellee's exception of res judicata is affirmed. Costs of this appeal are assessed to appellant, Louella Cain Miller.
AFFIRMED.
NOTES
[1] Plaintiff filed a motion with this court to strike certain argumentative phrases and allegations set forth in defendant's brief on appeal. We need not address that issue since a motion to strike is only applicable to pleadings. La.C. C.P. Art. 964.
[2] La.C.C. Art. 2286 was redesignated as La.R.S. 13:4231 by Acts 1984, No. 331 § 7, effective January 1, 1985. The text of Article 2286 has remained the same since its transfer.
[3] Under LSA-C.C.P. Art. 927, the objection of res judicata must be specially pleaded and cannot be noted or supplied by either the trial or appellate court of its own motion. In the instant case, there is no pleading filed by appellee which is specifically styled as an "Exception of Res Judicata". However, appellee did respond to appellant's rule of May 20, 1982, by the filing of a pleading styled "ANSWER TO REQUEST FOR ADMISSIONS AND INTERROGATORIES" where appellee objects to the proceeding on the ground that "... the case has been finalized and has no grounds for being reopened ...". We consider this pleading to be equivalent to an exception of res judicata. An improper designation of a pleading does not control the relief which may be granted, since pleadings are governed by their substance and the court may grant appropriate relief under the facts raised in the pleadings. Graham v. Metzler, 402 So.2d 768 (La.App. 4th Cir.1981). However, even if it be conceded that no exception of res judicata was filed, there is no error in the ruling of the trial court. The doctrine of law of the case prohibits relitigation of matters decided, expressly or by necessary implication, in prior judicial proceedings. Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164 (5th Cir.1981), certiorari denied, 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656, 455 U.S. 944, 102 S.Ct. 1441, 71 L.Ed.2d 656; Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973).
[4] The only connection that we can find between the two judgments is the statement in each that they were heard in chambers on January 10, 1984 with counsel for both parties present. The September 1984 judgment refers to the minute entry dated May 14, 1984. However, this minute entry only discusses the issue in the May judgment and not the matters decided in the September judgment.