EXPARTE FEARLE & LEWIS,

A sheriff having in his hands an execution against A, and having received money for him under an execution in which he was plaintiff, although the money before being paid over to A cannot be levied upon, the court may direct it to be paid over upon the execution against him, unless the legal and equitable right to it has passed to some third person.

## ERROR to Chariton Circuit Court.

TURNER, for plaintiff in error.

1. The title to the $100 collected by the sheriff on the execution in favor of Spicer, on the same day the judgment was assigned to Shephard, even assuming that the collection was made before the assignment, did not vest in Spicer, so as to subject it to a levy under an execution against him. Turner vs. Fendall, 1 Cranch, 117; First vs. Miller, 4 Bibb, 311; Jones vs. Ramsey, 2 Richardson's R. 4. And therefore Shephard took the judgment unencumbered by any lien, and was entitled to the proceeds of the execution issued thereon, and the court erred in ordering a portion of such proceeds to be paid to Fearle & Lewis.

2. Had Fearle & Lewis' execution been a lien on said money, the lien would have expired on the return day of the execution without a levy. Fall vs. Harris, 4 Bibb. 532; and Shephard would then have acquired a perfect and unencumbered right to said money.

3. Had said money been subject to a levy, under Fearle & Lewis' execution, the sheriff should have levied upon it while that execution was in force; but having failed to do so, and having returned the money into court, the only control the court had over it, was to direct the officer to pay it over to Spicer's assignee. It was not the province of the court to distribute the money amongst the creditors of Spicer, even had not the intervening equity of Shep-

hard forbi l it. Any other creditor of Spicer had as good a right to the money as had Fearle & Lewis, at least after their execution expired without a levy.

4. A writ of error lies in this case. Wise vs. Darby, 9 Mo. R. 131.

5. A motion for a new trial was unnecessary; the reason of the rule requiring such motion, in certain cases, not applying where the error complained of is committed on a point raised and directly decided in the circuit court, on a motion addressed to the court, as in this case. The judgment is a "final judgment," within the meaning of the statute, and could not be rendered more so by the courts' repeating its decision a second or third time on a motion for a new trial. See West, assignee, vs. Miles, 9 Mo. R. 168. The case of Higgins vs. Breen, (ib, 497) is not in point, even if incontrovertibly correct, the judgment in that case being on a *verdict*. But the reasoning of Judge Napton, in his dissenting opinion delivered in that case, is in point.

### DAVIS & SHACKLEFORD, for defendants in error.

The court may, in its discretion, direct money taken under an execution, which money is in the hands of a sheriff, or brought into court, to be paid over in satisfaction of another execution, in the hands of the same sheriff, against the plaintiff in the first execution; and if a third person claims the money, by virtue of an assignment of the judgment, the court is the proper judge as to whether the assignment is void and made to defraud creditors, and may disregard it. See Steel vs. Brown, 2 Vir. Cases, 246; Means vs. Vance, 1 Bailey Rep. 39.

It will be observed that in this case, the record is made out in a confused manner, but there is a sufficiency of evidence to show that the court did right in ordering the money paid over to Fearle & Lewis.

It is quite clear, that Spicer never really sold his judgment to Shephard—that all that is but an attempt to cover fraudulent the money of Spicer from his creditors, Fearle & Lewis.

It will be seen by the record that the two executions of Fearle & Lewis, and that of Spicer, all came into the hands of the sheriff on the same day—that on the morning of the next day, the sheriff collected the $100 from Chapman, and that, on the same day, this pretended assignment bears date.

We insist for Fearle and Lewis, that the court had a right to order the money paid over to them, even if there was no fraud in the pretended sale; as, in point of time, the right of Fearle and Lewis attached to the money before the assignment was attempted to Shephard.

But the pretended sale of the judgment will appear to be one of the most shallow devices and artless pretexts at fraud ever proved in court.

### NAPTON, J., delivered the opinion of the court.

The opinion of the circuit court, in ordering the sum of one hundred dollars to be paid over to Fearle and Lewis, seems to have been based upon the fact that this sum was paid to the sheriff on the same day on which the assignment to Shephard was made, and that, consequently, the lien of the execution attached before the assignment could transfer the property. We presume, that if the assignment had been held void, because of fraud, the court would have directed the entire amount of the execution to have been paid over.

The case of Turner vs. Tindall (1 Cranch. 42) seems to hold the doctrine, that money in the hands of the officer is not subject to levy.

as it is in the custody of the law, and not the property of the plaintiff in the execution. Judge Marshall, however, observes that it is the duty of the officer to seize it the moment it is paid over into the hands of the creditor, and as the payment, under these circumstances, would be a vain ceremony, no court would hesitate to justify the payment in satisfaction of the second execution, or if the money was brought into court, to direct it to be so paid, unless the legal and equitabe right was in some third person.

The officer did right, we think, in waiting for the directions of the court, and the court was clearly authorized to direct the whole amount to be paid over unless the assignee, Shephard, had a legal and equitable right to such proceeds. Who then is to decide this? No jury was demanded in this case and the court was called upon to determine the motion.

If the court had ordered the entire amount of the execution of the plaintiff to have been first paid, we should not have considered such order erroneous.

What were the facts? After an execution from a justice had been returned nulla bona, and the transcript was filed in the circuit court, and an execution put in the hands of the sheriff, and on the very same day when the defendant in the second execution had paid over to the sheriff one hundred dollars, the defendant, Spicer, who was insolvent as the return of the constable showed, assigns the judgment over to Shephard. No money is passed, but a previous indebtedness is pretended. If ever there was a fraud in law, a *prima facie* fraud, this would seem to be one.

But whether the assignment was fraudulent or not, if the property was in the hands of the law, and not the property of the plaintiff in the execution, and therefore not subject to be levied on, it ought surely to be held equally out of the reach of an assignment by the plaintiff in the execution. The only circumstance that kept the money from the plaintiff's execution was, that it was in the hands of the sheriff, and under our statute could not even be garnisheed. Shall the defendant in the execution, under these circumstances, be permitted to withdraw this amount from the operation of the execution and put it in the hands of even a bona fide creditor? If he can, it is a manifest injustice to the vigilant creditor. The law which is said to favor the vigilant would no longer do so.

We think the circuit court was right in disregarding the assignment so far as the execution creditor was concerned. As no complaint is made of the court because of limiting his order to the one hundred dollars, judgment is affirmed.