BANK OF MINNESOTA, RESPONDENT, *v.* HAYES, APPELLANT.

[Submitted January 18, 1892.  Decided February 8, 1892.]

SUPPLEMENTAL PROCEEDINGS— *Special order after final judgment.* —Where money has been paid into court upon a judgment in favor of the defendant, who was plaintiff in another action, an order of the District Court requiring the money to be paid to a judgment creditor of such defendant, made upon a hearing analogous to proceedings supplemental to execution, all persons interested in the fund being present, is proper. (*Sperling* v. *Calfee,* 7 Mont. 529, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

The order was made by HUNT, J., after final judgment for plaintiff.

Statement of the case by the judge delivering the opinion.

This is an appeal from a special order made after final judgment. (*Hayes* v. *District Court, ante,* p. 225.) See that case for a statement of the facts. The case was then before us on a writ of *certiorari.* That writ having been dismissed, the defendant has now appealed from the order at that time complained of. The appeal, as it now comes to this court, presents the following situation: The plaintiff had judgment against the defendant. Execution was returned unsatisfied. At that time there was a sum of money in the same court, belonging to defendant, and, as counsel concede, paid into that court upon a judgment rendered in favor of this defendant against another party. Upon a hearing had, these facts were before the District Court. Plaintiff was a judgment creditor, with a judgment unsatisfied upon execution. There was in court money of the judgment debtor. There were no claims or liens upon this money by any one outside of these parties. There was a claim for attorney's fees, but that was provided for, and is not a matter in controversy in this appeal. The money was the judgment debtor's. The judgment creditor asked that it be turned over to him in satisfaction of his unsatisfied judgment. The court so ordered. The defendant appeals.

*A. C. Botkin,* for Appellant.

I. The proceeding which is the subject of this review is brought under chapter 2, title ix., first division of the Compiled Laws. The chapter is entitled "proceedings supplementary to execution," or they are sometimes called "proceedings in aid of execution." These terms show the character of the proceeding which is to disclose property of the judgment debtor in his hands or those of another person, or moneys due him that would be subject to levy or garnishment. It follows that if the property, money, or credits cannot be reached by levy or garnishment, they are not subject to any order that can be made in pursuance of the chapter mentioned.

II. Money in the hands of an officer of the court is not subject to levy or attachment. Money paid into court in satisfaction of a judgment, whether paid to the clerk of the court,

or judge, or justice of the peace, is *in custodia legis,* and exempt alike from levy or garnishment. (Freeman on Executions, § 130; *Drane* v. *McGavock,* 7 Humph. 132.) The principal is applied to administrators, executors, guardians, and sheriffs, and applicable to clerks of the courts, who frequently have moneys of others in their possession officially. It has been decided that money paid into the hands of a clerk on a judgment; money in the possession of a clerk in any manner by virtue of his office, and money paid into court, cannot be attached. (Drake on Attachments, § 509. See, also, *Ross* v. *Clarke,* 1 Dall. 175; *Farmers' Bank of Delaware* v. *Beaston,* 7 Gill & J. 428; 28 Am. Dec. 226.) The clerk of the court is not in possession of the fund in this case as an individual. It is in the possession of the court, whose organ he is. (*Bowden* v. *Schatzell,* 1 Bail. Eq. 364; 23 Am. Dec. 170.) In several cases decided about twenty-five years ago it was settled that an officer could not be held as the trustee of an execution creditor on an attachment after having received the amount of the execution. (*Thompson* v. *Brown,* 17 Pick. 464.)

III. An order under section 355 of the Code of Civil Procedure can only be directed to "property not exempt from execution." Money in the hands of an officer of the court is exempt from execution. Freeman on Executions, section 420, says: "Property exempt from execution is also exempt from supplementary proceedings."

IV. Moneys collected by a sheriff in satisfaction of a judgment cannot be subjected to an order under supplementary proceedings. (Riddle and Bullard on Supplementary Proceedings.) The same reasoning applies to moneys paid to the clerk of the court.

V. Speaking of money paid to an officer upon a judgment, Mr. Freeman says, section 130: "The officer upon the receipt of such money does not thereby become debtor to the plaintiff; and that it is not until the money is paid over to the plaintiff that it becomes his property, and subject to execution against him." This money is not "property not exempt from execution in the hands of such debtor or another person, or due the judgment debtor."

VI. A debt that has merged into a judgment cannot be reached

by garnishment. (*Perkins* v. *Guy*, 2 Mont. 15, and cases cited in Freeman on Executions, § 166, n. 5.)

VII. Judgments rendered upon certain causes of action, as for personal earnings, for damages to exempt property, or for the insurance of exempt property, are clearly beyond the reach of any kind of a proceeding or process against the judgment creditor, and if the order that is the subject of this review is valid, the petitioner would have no opportunity to show that his judgment was within one of the classes mentioned, if such were the fact.

*Oliver T. Crane*, for Respondent.

I. Under authority granted by statute, the judge of the District Court had jurisdiction in "proceedings supplementary to execution" over the person and property of the judgment debtor, and had express authority to "order any property of the judgment debtor not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment," etc. (Comp. Stats. Mont. first div. § 355.) This act should have a liberal construction. (*Sperling* v. *Calfee*, 7 Mont. 514; *Adams* v. *Hackett*, 7 Cal. 201.)

II. The exemptions intended to be protected from any order of the court are manifestly those exemptions specially granted to judgment debtors by statute, "the principle and policy of the law being to subject all property of the judgment debtor not specially exempt to the payment of his debts." (*Sperling* v. *Calfee*, 7 Mont. 529; *Finnin* v. *Malloy*, 33 N. Y. Sup. Ct. 382; *Tillotson* v. *Wolcott*, 48 N. Y. 188; *Andrews* v. *Rowan*, 28 How. Pr. 126; *Bush* v. *White*, 12 Abb. Pr. 22.)

III. Counsel for appellant, however, does not claim that the money, which is the subject of the order complained of, is exempt by statute from execution, but contends that by reason of its being *in custodia legis* it is exempt from execution, and therefore necessarily exempt from an order of the court, in whose custody it is, in proceedings supplementary to execution. But the reason for the exemption of property *in custodia legis* from execution, attachment, garnishment, etc., is solely that the court having jurisdiction over the parties, process, and subject-

matter, may, in the exercise of its exclusive authority over property in its custody, act unhampered and free from the interference of other courts and their process. (*Smith* v. *McNamara,* 15 Hun, 448; *People ex rel.* v. *Brooks,* 40 Mich. 335; *Field* v. *Jones,* 11 Ga. 417; *Reddick* v. *Smith,* 3 Scam. 451; *Voorhees* v. *Sessions,* 34 Mich. 100.)

IV. Property or funds in the hands of an officer of the court is subject to an order of that court; for being *in custodia legis,* it can only be reached by an order of the court in whose custody it is. (*Hammer* v. *Kaufman,* 39 Ill. 87; *Stebbins* v. *Walker,* 14 N. J. L. 91; 25 Am. Dec. 499; *Noe* v. *Gibson,* 7 Paige, 513; *Voorhees* v. *Sessions,* 34 Mich. 100; *Adams* v. *Woods,* 9 Cal. 28; *Adams* v. *Haskell,* 6 Cal. 116; *Acker* v. *Ledyard,* 8 N. Y. 62; *Yuba Co.* v. *Adams,* 7 Cal. 35; *Adams* v. *Hackett,* 7 Cal. 187.)

V. The act of the District Court was but the setting off of one judgment against another upon motion. This power of a court is well established; it is an inherent power, and does not rest upon any statute, but upon the general jurisdiction of the court over its suitors and process. Such an application was addressed solely to the discretion of the court. (*Burns* v. *Thornburgh,* 3 Watts, 78; *Conable* v. *Bucklin,* 2 Aiken, 221; *Rix* v. *Nevins,* 26 Vt. 384; *Brown* v. *Warren,* 43 N. H. 437; *Porter* v. *Liscom,* 22 Cal. 433; *Simpson* v. *Hart,* 1 Johns. Ch. 93; *Hobbs* v. *Duff,* 23 Cal. 596; *Lindsay* v. *Jackson,* 2 Paige, 581; 2 Black on Judgments, § 1000.)

VI. It will be presumed, when there is nothing in the record to show the contrary, that the evidence and facts before the court below were sufficient to warrant and sustain such an order as is authorized by the statute. (*Arthur* v. *Hale,* 6 Kan. 164.)

DE WITT, J.—Counsel have argued in this case upon the question of offsetting one judgment against another. But we understand that the question presented is a different one. The money in this case was in court, belonging to the defendant, as the order of the court recites, with no claims of any class of third persons upon it, as far as we are informed. The plaintiff, as a judgment creditor, asked an order of the court that de-

fendant's money in that court be applied to its (plaintiff's) unsatisfied judgment. No rights of any third persons were concerned. The matter of the disposition of this fund was a question solely between plaintiff and defendant, judgment creditor and judgment debtor.

As we understand the doctrine of exemption of money in custodia legis from levy, it is on the ground, among others, "that otherwise a conflict must arise between different officers seeking, in the performance of their duties, to seize the same property." (Freeman on Executions, § 130.) Respondent cites many authorities in his brief, in reference to money being in the hands of receivers or other officers of the court, upon the point that he makes that such money can be disposed of only by an order of the court, and that the order of the court in this case was authorized by the general powers of a court. Those cases are in point generally, but we observe two cases wherein the facts are practically the same as those at bar, except that the money was in the hands of the sheriff instead of the clerk. (Ex parte Fearle, 13 Mo. 467; 53 Am. Dec. 155, and Dolby v. Mullins, 3 Humph. 437; 39 Am. Dec. 180.) In the Missouri case, the syllabus states the case thus: "A sheriff having in his hands an execution against A, and having received money for him under an execution in which he was plaintiff, although the money before being paid over to A cannot be levied upon, the court may direct it to be paid over upon the execution against him, unless the legal and equitable right to it has passed to some third person." We mention this statement of the syllabus as a succinct presentation of the point that was decided. Napton, J., in the opinion says: "The case of Turner v. Fendall, 1 Cranch, 116, seems to hold the doctrine that money in the hands of the officer is not subject to levy, as it is in the custody of the law, and not the property of the plaintiff in the execution. Judge Marshall, however, observes that it is the duty of the officer to seize it the moment it is paid over into the hands of the creditor, and as the payment, under these circumstances, would be a vain ceremony, no court would hesitate to justify the payment in satisfaction of the second execution, or, if the money was brought into court, to direct it to be so paid, unless the legal and equitable right was in some third person.

The officer did right, we think, in waiting for the directions of the court, and the court was clearly authorized to direct the whole amount to be paid over, unless the assignee, Shepard, had a legal and equitable right to such proceeds." In this case, the person named as Shepard was claiming as an assignee of the judgment debtor in the second execution, the judgment creditor in the first execution. But in the case at bar no assignee is claiming anything. Judgment debtor and creditor are the only persons in court. Note Judge Napton's remarks as to Chief Justice Marshall's views: "No court would hesitate, if the money were brought into court, to direct it to be so paid;" that is, paid to the judgment creditor. And in the case at bar the money was in court, and the court did order it to be so paid.

The Tennessee case, in a more elaborate opinion, holds the same views; but that case goes to the extent of holding that the sheriff, with an execution against A, may levy upon A's money in his (the sheriff's) hands, collected upon another execution in favor of A. The facts before us do not require us to pass upon that proposition. We cite the Tennessee case simply as showing that, if that court would hold that the sheriff might make such a levy, then *a fortiori* a court, with its judicial powers, could order the disposition of the fund, as it did in the case at bar.

In *Turner* v. *Fendall, supra,* Chief Justice Marshall says: "But the money becomes liable to such execution the instant that it shall be paid into the hands of the creditor; and it then becomes the duty of the officer to seize it. It appears unreasonable that the law should direct a payment under such circumstances. If the money should be seized the instant of its being received by the creditor, then the payment to him seems a vain and useless ceremony, which might well be dispensed with; and if the money should, by being so paid, be withdrawn from the power of the officer, then his own act would put beyond his reach property rendered by law liable to his execution, and which, of consequence, the law made it his duty to seize."

Notwithstanding the remarks of the court in *Turner* v. *Fendall,* quoted above, it was held in that case that the sheriff could not levy upon money already in his hands, made by a levy of an execution in favor of the debtor against whom he held the second execution. But the case before us is different.

The money of the defendant Hayes was not levied upon by the sheriff, by virtue of the execution in favor of the bank. The money had been paid into and was in court. The matter was not left to the sheriff, or any ministerial officer, to determine its disposition at the peril of such officer. A hearing was had before the court analogous to a hearing on proceedings supplemental to execution. (Code Civ. Proc. § 350, et seq.) All persons interested in the fund were present. No meritorious reason appeared why the money of the judgment debtor, which was in court, should not be paid to the judgment creditor, and no reason at all, except, perhaps, that the debtor preferred to put the money into his pocket rather than pay his debt with it. We conceive that there is a great difference between a sheriff deciding upon the disposition of a fund in his hands, and a disposition being made by a court, of money in court, upon a hearing of all the parties interested. (*Ex parte Fearle, supra.*) So the facts of *Turner* v. *Fendall* are distinguished from those of the case at bar, as they were from those of the Missouri case. The question before us is not of a sheriff levying, but rather of a court determining; and the remarks of Chief Justice Marshall, quoted above, become very pertinent. It is the principle and policy of the law to subject all property of the judgment debtor, not specially exempt, to the payment of his debts. (*Sperling* v. *Calfee*, 7 Mont. 529.) Then why may not the District Court have made the order that it did? It had the defendant Hayes before it. It had the money in court. No third persons claimed it. There was no clash of rival officers attempting to get it. There was no collision between two courts as to the money. No person was interfering with the conduct of the court's business, as might occur if the court's receiver were garnished, or property in his hands levied upon. The reasons of the doctrine of exemption of money *in custodia legis* wholly disappear from this case. It was eminently just that defendant's unencumbered and unexempted property should be applied to satisfy a judgment against him, when it could be done with prejudice to no one, and without disturbing the proceedings of any court, and without interfering with the officer of any court in the performance of his duty to the court or litigants therein.

We are of opinion that the order of the District Court was properly made, and the same is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.