TAYLOR, Judge.
This is an appeal from a judgment rendered against the defendant Crescent Safety Equipment Company in favor of plaintiff, Cecil Callahan.
*122 Plaintiff alleges he was employed by defendant on or about the 21st of July 1969 at an hourly rate for an 81/2 hour work day and that he worked for three full days or until July 23, 1969. On the morning of July 24, 1969 plaintiff alleges defendant terminated his employment at which time plaintiff demanded his wages for the time he worked and defendant refused to pay him and prays for judgment pursuant to the provisions of LSA-R.S., 23:631, et seq. plus reasonable attorney’s fees.
An exception was filed on behalf of a Michael C. Arnold, Jr., wherein he stated that he was served with the petition and he was not a proper officer or agent for service of process of the alleged defendant, Crescent Safety Equipment Company. In paragraph II of his exception he states, “There is no corporation known as Crescent Safety Equipment Company and no such legal entity exists.”
On December 3, 1969 an answer was filed by Crescent Safety Equipment Company, sought to be made defendant and subject to the exceptions filed and reserving all rights, denied all of the allegations of plaintiff’s petition.
On trial the exceptions were overruled and judgment rendered in favor of the plaintiff in the amount of $1,000.00 and $250.00 attorney’s fees.
It is from this judgment defendant has appealed.
Article 1201 of the Code of Procedure requires that:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
“The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”
LSA-C.C.P. art. 1231 et seq. designates types of service and the manner that they may be made.
Chapter 3 of the Louisiana Code of Civil Procedure, Articles 1261 through 1265 designates how service is made on legal and quasi-legal entities.
On the trial of this matter Michael C. Arnold testified that he had been employed as office manager of Crescent Safety Equipment Company since 1967 and that it is a sole proprietorship owned and operated by, one Franci.s E. Moseley. Mr. Arnold further testified that he is not now nor has he ever been an officer or agent for service of process of Crescent Safety Equipment Company and that in the past all service of process involving Crescent Safety Equipment Company in legal matters have been served on Francis E. Moseley.
In answering this appeal plaintiff contends that even if in fact Crescent Safety Equipment Company is a sole proprietorship owned by Francis E. Moseley that the judgment rendered against Crescent Safety Equipment Company is not a nullity since more than adequate notice and sufficient process were given to Mr. Moseley of the filing of this suit.
We cannot accept this contention for the Code of Civil Procedure clearly states the manner in which service can be made on an individual or legal or quasi-legal entities. These articles are restrictive not illustrative. Service must be had on an individual either by personal or domiciliary service.
The fact that Mr. Moseley was doing business under a trade name and did not comply with provisions of LSA-R.S. 51 :- 281,
“No person shall transact any business under an assumed name or under any designation, name or style, corporate or otherwise, other than the real name of the individual conducting the business, unless such person files in the office of the register of conveyances in the city of New Orleans, or the clerk of court, as the case may be, of the parish or *123 parishes in which the person conducts or intends to conduct the business, a certificate setting forth the name under which the business is to be conducted and the real full name of the person owning, conducting or transacting the business, with the post office address of such person. This certificate shall be executed and duly acknowledged before a notary public by the person conducting or intending to conduct the business. No sheriff and ex-officio tax collector or other person designated by law to collect and receipt for licenses shall issue any receipt to any person referred to in this Sub-part, without having had presented to such collector a certificate from the register of conveyances in the City of New Orleans, or the clerk of court showing that such person has complied with the provisions of this Sub-part.”
does not and cannot affect the provisions of articles on service of process as this provision is penal and has no effect in civil matters.
For the foregoing reasons the judgment of the lower court is annulled and set aside and the plaintiff’s suit dismissed at his costs.
Annulled and set aside.