413 So.2d 235 (1982)
DRUMM AND ASSOCIATES, INC. dba the Berkshire Apartments
v.
Mary Boyd, wife of/and Windell V. BOYD.
No. 12728.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
*236 Jacob Kansas, New Orleans, for plaintiff-appellant.
Jacob Taranto, III, New Orleans, for garnishee-appellee.
Before GULOTTA, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
This is an appeal from a judgment dismissing two rules filed by judgment-creditor, Drumm and Associates, Inc., against the Joseph I. Giarrusso Corporation, Garnishee, seeking a judgment pro confesso, attorney's fees and costs against the garnishee for failure to timely file answers to interrogatories and traversing the answers subsequently filed by the Giarrusso Corporation.
On November 20, 1980, Drumm filed a petition to make a judgment executory against the judgment debtors, Mr. and Mrs. Windell V. Boyd. Drumm also caused a writ of fieri facias to be issued and filed a supplemental petition together with interrogatories naming the Joseph I. Giarrusso Corporation as garnishee. Service of these documents was requested to be made upon "Joseph I. Giarrusso Corporation, through its agent for service of process: Joseph I. Giarrusso." The supplemental petition, citation and interrogatories were served upon the Giarrusso Corporation through L. Williams, personnel manager, on December 4, 1980.
Mr. Williams went on vacation and did not give the garnishment papers to Joseph I. Giarrusso until his return. Giarrusso then advised Drumm's attorney both verbally and by telegram that Windell Boyd was not in the employ of the Giarrusso Corporation but was in the employ of the Wackenhut Corporation.
Since no answers to interrogatories had been filed in the record, Drumm, on March 11, 1981, filed a rule for judgment pro confesso, attorney's fees and costs against the garnishee.
The Constable was directed to make service upon the Giarrusso Corporation through Joseph I. Giarrusso, its agent for service of process, but the rule was again served on "L. Williams, Personnel Manager".
The hearing on the rule was set for April 7, 1981 but was continued. In the interim, on April 10, 1981, the Giarrusso Corporation filed answers to the interrogatories, denying that the defendant, Boyd, was in its employ. On April 23, 1981 Drumm filed a new rule to traverse garnishee's answer and for judgment pro confesso, attorney's fees and costs. These rules were properly served upon the Giarrusso Corporation through its registered agent, Joseph I. Giarrusso, and Mr. Giarrusso was also served with a subpoena duces tecum and a subpoena requiring his personal appearance on the trial of the rules.
On April 30, 1981, Drumm filed a supplemental petition, garnishment and interrogatories against the defendant's actual employer, The Wackenhut Corporation. On May 13, 1981 the Wackenhut Corporation *237 filed its answers to the garnishment interrogatories acknowledging its employment of Windell V. Boyd.
On May 15, 1981, the trial court conducted a hearing on the rules and Joseph I. Giarrusso appeared under subpoena and testified. He stated that he was not served with the original garnishment petition but that he was given the interrogatories by an employee of the Wackenhut Corporation. He stated that he notified counsel for Drumm by telegram, telephonically and through Constable Detweiler, that he was not the defendant's employer. He stated that the corporate assets of the Joseph I. Giarrusso Corporation, including the trade name, had been sold to the Wackenhut Corporation. This corporation used the trade name, Joseph I. Giarrusso Company, in the conduct of its business. The defendant was known to Mr. Giarrusso, but Giarrusso played no part in the decision to hire the defendant for the Wackenhut Corporation.
The sole issue raised on appeal is whether the trial court committed manifest error in rendering judgment in favor of the garnishee with regard to the rule for judgment pro confesso, attorney's fees and costs.
On appeal, Drumm argues that it is entitled to a judgment on the garnishment against the Joseph I. Giarrusso Corporation, as the employer of the defendant. Drumm reasons that the liability of the Giarrusso Corporation arises out of the fact that it allowed itself to be held out by the Wackenhut Corporation as the defendant's employer. The plaintiff relies upon Louisiana Revised Statute Title 51, Section 281 as authority for its position.
The statute upon which the plaintiff relies requires that one who conducts business under an assumed name must register this fact with the conveyance office. R.S. 51:281. In the case of Callahan v. Crescent Safety Equipment Co., this Court held that the statute in question "is penal and has no effect in civil matters." (Emphasis Supplied). 242 So.2d 121 at 123 (La.App., 4th Cir., 1970). Therefore, this argument is without merit and was properly rejected by the trial court. Moreover, the record clearly shows that the Joseph I. Giarrusso Corporation was not the defendant's employer, had no property of the defendant, nor was it indebted to him in any way, as shown by garnishee's answers to the garnishment interrogatories, his communications by telegram and through the Constable, to the plaintiff's attorney, and his testimony at the hearing on this matter. The trial court was not clearly wrong in refusing to render judgment in favor of the plaintiff and against the garnishee for the wages sought to be garnished.
The next contention of Drumm is that it is entitled to attorney's fees and costs for the failure of the Giarrusso Corporation to timely file answers to the garnishment interrogatories. Drumm reasons that the answers were not filed before the rule for the judgment pro confesso was filed and that the telegram sent by the garnishee did not constitute an answer.
Drumm is correct in its position that the answers to interrogatories were not filed before the initial setting of the rule in this matter. The telegram sent by the garnishee did not constitute an answer to the interrogatories. Mid City Investment Co. v. Batiste, 248 So.2d 88 (La.App., 1st Cir. 1970). However, the plaintiff's argument does not address the controlling issue in this case, namely, whether the garnishee was properly before the court.
Drumm relies upon Louisiana Code of Civil Procedure Article 2413 as authority for the award of attorney's fees and costs. This article must be read in pari materia with Louisiana Code of Civil Procedure Article 2411, which requires service upon the garnishee. It is firmly established that attorney's fees and costs are not owing where the garnishee has not been properly served and hence, is not before the court. Mid City Investment Co., Inc. v. Young, 238 So.2d 780 (La.App., 1st Cir., 1970).
In order to effect service of citation or other process against a domestic or foreign corporation, there must be personal service upon one of its agents for service of process. C.C.P. 1261. If the corporation fails to *238 designate an agent for service of process or if there is no registered agent by reason of death, resignation or removal, service may be perfected against the corporation by personally serving any officer, director or resident agent or by personal service on any employee of a suitable age and discretion. C.C.P. 1261.
In this case service of the supplemental petition for garnishment was made upon "L. Williams, pers. mg.", (Emphasis Supplied), who was not the registered agent nor an officer, director or employee of garnishee. The agent for service of process for the Joseph I. Giarrusso Corporation was Joseph I. Giarrusso. The service on L. Williams was not legal service upon the corporation. Accordingly, the proceedings against the Joseph I. Giarrusso Corporation were null, and attorney's fees and costs were not owing.
The filing of answers to the garnishment interrogatories by the Giarrusso Corporation did not constitute a general appearance to waive proper service against the corporation. C.C.P. Art. 7. Stelly v. Quick Mfg., Inc., 228 So.2d 548 (La.App., 3rd Cir., 1969), rev. other grounds, 246 So.2d 302, (La.App., 3rd Cir., 1971). Likewise, the response to the subpoena and subpoena duces tecum did not subject the garnishee to the jurisdiction of the court. Mid City Investment Co. v. Young, Supra.
Since the garnishee-corporation was not properly before the Court, the garnishment proceedings were null, and no attorney's fees or costs could flow from such a proceeding. The trial court acted correctly.
For the reasons assigned, the judgment of the lower court is affirmed. Costs are assessed against the plaintiff-garnishor.
AFFIRMED.