**In re Thomas Peter PAPPAS, Debtor.**

**John J. O'NEIL, Jr., Trustee, Plaintiff,**

**v.**

**David M. ROBINSON, as Trustee of the T. Peter Pappas Family Trust, James C. Freund, as Escrow Agent, and Mary Louise Pappas, Defendants.**

Bankruptcy No. 96–23342.
Adversary No. 97–2055.

United States Bankruptcy Court,
D. Connecticut.

Oct. 24, 1997.

Madeleine F. Grossman, and Judy A. Rabkin, Levett, Rockwood & Sanders Professional Corporation, Westport, CT, for Trustee–Plaintiff.

Joseph C. Maya, Maya & Associates, P.C., Westport, CT, for Astron Management Corporation.

*MEMORANDUM DECISION AND PARTIAL ORDER ON NON–PARTY WITNESS' MOTION TO QUASH OR MODIFY SUBPOENA*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### *ISSUE*

The issue presented is whether serving a subpoena on a corporation's receptionist, when no other member of the corporation is available to receive service, constitutes proper service of a corporation under Fed. R. Bankr.P. 9016.

A hearing and the parties' exhibits and affidavits supply the following background.

### II.

### *BACKGROUND*

John O'Neil, Jr. (the "Trustee"), the plaintiff and trustee in the Chapter 7 case of Thomas Peter Pappas (the "debtor"), on August 14, 1997 initiated an adversary proceeding to establish that assets in a trust created by the debtor, as well as other assets the debtor allegedly transferred to his wife, belong to the estate. *Amended Complaint* ¶ 5. The complaint seeks, *inter alia*, to achieve turnover of the trust assets to the estate pursuant to Bankruptcy Code § 541, 542, 543, 544(b), and, pursuant to §§ 544(b) and 548 and applicable state law, to avoid the debtor's transfers of assets to his wife. *Id.* ¶¶ 23, 26, 29, 34, 55, 58.

According to the complaint, the debtor has conducted business through and controls Astron Management Corporation ("Astron"), an entity "purportedly owned by" Michael De-Luca ("DeLuca"), a former employee of the debtor's business entities. *Id.* ¶ 41. On July 18, 1997, the Trustee subpoenaed Astron, seeking information allegedly relevant to the instant adversary proceeding. Alan M. Freedman ("Freedman"), a Fairfield County Deputy Sheriff who served the subpoena, testified that he went to, Astron's office, which had Astron's name, as well as the name of another corporation, on the door. When he asked to see DeLuca, a woman who identified herself as Barbara Good ("Good") told him that DeLuca was not present and that she was Astron's receptionist and the only person in the office. Freedman examined her identification, confirming that she was Barbara Good, and served the subpoena, accompanied by a check for the appropriate fees. Good accepted service. Freedman testified that he is not a party in the action, and is over eighteen years of age.

Claiming that the Trustee failed to accomplish effective service and that the subpoena is defective in other respects, Astron, on July 23, 1997, filed a Motion to Quash or Modify Supoena. The Trustee filed his Opposition to Astron's Motion to Quash on August 14, 1997.

## III.

### *DISCUSSION*

Bankruptcy Rule 9016, which governs service of subpoenas, states that Federal Rule 45 applies in cases under the Bankruptcy Code. Fed. R. Bankr.P. 9016. Rule 45 provides that a subpoena "may be served by any person who is not a party and is not less than 18 years of age. Service ... shall be made by delivering a copy thereof" to the person named in the subpoena. Fed.R.Civ.P. 45(b)(1). Although the rule does not use the term "personal service," most courts interpret this language to require personal service of a subpoena. See 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (1995 & Supp.1997); .2 James Wm. Moore et al, Moore's Federal Practice 1 20.05[2] (1997). Because Rule 45 does not specify what constitutes personal service upon a corporation, courts , look to Fed. R.Civ.P. 4 for guidance. *See Khachikian v. BASF Corp.,* 1994 WL 86702 (N.D.N.Y.1994). *See also In re Grand Jury Subpoenas,* 775 F.2d 43, 46 (2d Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986) (applying Fed.R.Civ.P. 4 to determined whether subpoenas were properly served to two corporations). Rule 4(h) states that service upon corporations may be effected

> in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the suns and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process....

Fed. R Civ. P. 4(h)(1). Rule (e)(1) provides, in turn, that service in any judicial district of the United States may be effected "pursuant to the law of the state in which ... service is effected." Fed.R.Civ.P. 4(e)(1). Conn. Gen. Stat. § 52–57(c) states that

> [i]n actions against a private corporation, service of. process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.

Conn. Gen. St. Ann. § 52–57(c) (West 1997).

■ Under Connecticut law, service upon a corporation's receptionist or a person sitting at a reception desk constitutes service on a "person in charge of the office of a corporation" under Coin. Gen.Stat. § 52–57(c). *See LoSacco v. Serra,* 1994 WL 668743, *3 (Conn.Super.Ct.1994) (finding that service on an employee who was sitting at a law firm's reception desk, where in the past she had accepted papers and documents, ex-

amined them, and directed them to appropriate members of the law firm, satisfied § 52–57(c)'s requirement of service on the person "in charge" of the office); *Tek–Motive, Inc. v. AFB, Inc.*, 1993 WL 479797, *4 (Conn.Super.Ct.1993) (determining that service upon a corporation's receptionist, who was alone in the office at the time of service, was service upon the individual "in charge" of the office, despite the receptionist's affidavit and oral testimony stating that she was not in charge of the corporation's offices). *See also Pantlin and Chananie Development Corp. v. Hartford Cement and Building Supply Co.*, 196 Conn. 233, 237, 492 A.2d 159, 162 (1985) (fining no error in the trial court's determination that service upon a corporation's credit manager, who never indicated that he was unauthorized to accept service, was proper).

■ In the case at bar, Freedman's testimony and affidavit indicate that he served Good, Astron's receptionist, who stated that she was alone in the office and did not indicate that she was unauthorized to receive service. Astron neither supported its motion with affidavits nor presented any testimony at the hearing contradicting Freeman's account. Based on the record made, the court concludes that Good was the person in charge of Astron's office at the time of service, and that service was proper under Conn. Gen.Stat. § 52–57(c) and the federal rules.

## IV.

### CONCLUSION

Astron's Motion to Quash or Modify Subpoena is denied as to its claim that the Trustee failed to effectively serve the subpoena. It is

SO ORDERED.