ISIS LITIGATION, L.L.C., an Arizona
limited liability company,
Plaintiff–Appellant,

v.

SVENSK FILMINDUSTRI, a corporation,
Defendant–Appellee.

No. 04CA1619.

Colorado Court of Appeals,
Div. II.

March 22, 2007.

Rehearing Denied May 3, 2007.

Certiorari Denied Nov. 13, 2007.

Holland & Hart, LLP, Jack L. Smith, Stephen G. Masciocchi, Denver, Colorado; Garfield & Hecht, P.C., Matthew C. Ferguson, Aspen, Colorado, for Plaintiff–Appellant.

Hugh D. Wise, III, Aspen, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

Plaintiff, Isis Litigation, L.L.C., appeals from a trial court order discharging an order to show cause intended to compel defendant, Svensk Filmindustri, to answer C.R.C.P. 69(d) post-judgment interrogatories, and an order denying a motion for reconsideration. We reverse and remand for further proceedings.

In *Isis Litigation, L.L.C. v. Svensk Filmindustri*, 2005 WL 2327227 (Colo.App. Nos. 03CA1448 & 04CA0119, Sept. 22, 2005)(not published pursuant to C.A.R. 35(f))(*cert. denied* Apr. 10, 2006, 2006 WL 1629455), a division of this court affirmed the trial court's judgment that Svensk had breached a guarantee of a tenant's performance of a theater lease and was liable to Isis for damages and attorney fees totaling approximately $6.7 million.

In August 2003, Isis began the process of executing on the judgment. Svensk, a Swedish corporation, does not maintain a registered agent or corporate presence in Colorado. However, Svensk is qualified to do business in California. Accordingly, by personal delivery to Svensk's registered agent for service of process in California, Isis served post-judgment interrogatories pursuant to C.R.C.P. 45(f) and 69(d)(1), seeking information concerning Svensk's assets.

Svensk did not answer the interrogatories. In September 2003, Isis moved for an order to show cause pursuant to C.R.C.P. 69(d)(2). In December 2003, the trial court issued an order requiring Svensk to answer the interrogatories or show cause why it should not be held in contempt. Isis attempted to serve this order on Svensk's registered agent for service of process, but discovered that the agent had resigned in October and had not been replaced.

Isis then filed a motion in the Los Angeles County Superior Court to authorize service on the California Secretary of State. The Superior Court granted the motion, and, in March 2004, Isis served the order to show cause and all other relevant documents (including the interrogatories) by personal delivery to the California Secretary of State.

Also in March 2004, Svensk filed an answer to Isis's motion for a show cause order, contending that C.R.C.P. 45 did not authorize extraterritorial service of either C.R.C.P. 69 interrogatories or the order to show cause, and that, therefore, those documents had not been properly served. Svensk also asserted that the interrogatories were not "process" and, thus, could not be served on its registered agent for service of process.

Isis filed a supplemental reply addressing Svensk's answer on April 1, 2004. On the same day, the trial court entered an order discharging the order to show cause. Because Isis's reply was not available in the court's file when that order was entered, Isis moved for reconsideration, and the court reopened the matter and held a hearing.

After further briefing and a hearing, the trial court issued another order on July 2, 2004, denying Isis's motion for reconsideration and reaffirming its earlier order discharging the order to show cause. The court ruled first that C.R.C.P. 69(d)(1) "post judg-

ment written interrogatories are not 'process' such that service of them upon an individual designated in California as 'an agent upon whom process may be served' is effective." The trial court further ruled that "service under C.R.C.P. 45 of both the post-judgment written interrogatories and the order to show cause was not effective when served only on the individual designated in California as 'an agent upon whom process may be served' for a corporation foreign to Colorado and California." This appeal followed.

To determine whether service of C.R.C.P. 69(d) post-judgment interrogatories upon a registered agent for service of process in California is proper, we must first consider the threshold question of whether such interrogatories are "process." Next, we consider whether service on Svensk's registered agent for service of process and on the California Secretary of State was proper personal service under C.R.C.P. 45 and 69. Finally, we determine whether the rules permit extraterritorial service of the interrogatories and order to show cause.

 Whether post-judgment interrogatories are process and how they should be served are procedural issues subject to Colorado law. *Apache Vill., Inc. v. Coleman Co.,* 776 P.2d 1154, 1155 (Colo.App.1989)(procedural laws of the forum court should govern). Our interpretation of the rules of civil procedure involves questions of law, which we review de novo. *See People v. Shell,* 148 P.3d 162, 178 (Colo.2006); *cf. In re Estate of Wiltfong,* 148 P.3d 465, 468 (Colo.App.2006) (statutory interpretation is a question of law we review de novo).

## I.

Isis first contends the trial court erred by ruling that C.R.C.P. 69(d) interrogatories are not "process" that can be validly served on a corporate judgment debtor's registered agent for service of process. We agree.

The parties offer widely divergent views on how we should define "process" in this case. Isis contends that, under modern authority, "process" is a broad term that encompasses not only a summons, but also subpoenas and other documents, and that

postjudgment interrogatories constitute "process" under this modern view. Svensk contends that C.R.C.P. 69(d) interrogatories do not meet the traditional definition of "process" because they are not an act of the court, but are issued by an attorney, and that process is limited to documentation that runs in the name of the People of the State of Colorado. Svensk concedes that the definition of process has been expanded in abuse of process cases to fit goals sought to be attained in those cases, but argues that an expanded definition is limited to such cases. We agree with Isis.

Colorado law does not provide an explicit definition of process, and whether C.R.C.P. 69(d) interrogatories are process is an issue of first impression.

We first reject Svensk's argument that, to constitute process, a document must run in the name of the People. Svensk's argument is based on three Colorado cases that preceded the adoption of the Colorado Rules of Civil Procedure: *People ex rel. Setters v. Lee,* 72 Colo. 598, 213 P. 583 (1923); *Haley v. Elliott,* 16 Colo. 159, 26 P. 559 (1891); and *Comet Consolidated Mining Co. v. Frost,* 15 Colo. 310, 25 P. 506 (1890). Further, those cases relied on a then existing, but long since repealed, provision of the Colorado Constitution, which specifically provided that "[all] process shall run in the name of 'The People of the State of Colorado.' " Thus, those authorities do not aid us in defining process for purposes of this case.

Nor are we persuaded by Isis's reliance on abuse of process cases, mostly from California, to support its argument that the term "process" should be "broadly interpreted to encompass the entire range of procedures incident to litigation." *See Younger v. Solomon,* 38 Cal.App.3d 289, 296, 113 Cal.Rptr. 113, 117 (1974) (process includes interrogatories); *see also Twyford v. Twyford,* 63 Cal. App.3d 916, 923, 134 Cal.Rptr. 145, 148 (1976) (abuse of process could include interrogatories, depositions, and requests for admission). In our view, the broad expansion of the term "process" articulated in these abuse of process cases is not persuasive for the issue we have to decide here, because these cases occur specifically in the context of the tort of

abuse of process and limit their broad discussion of process to that situation. *See Lister v. Superior Court,* 98 Cal.App.3d 64, 71, 159 Cal.Rptr. 280, 284 (1979) (distinguishing abuse of process cases, and noting that, even in that context, "the scope of the word 'process' has been extended to the abuse only of such powers as the taking of depositions and the sending of written interrogatories both of which are specifically authorized by statutes providing clear enforcement sanctions"); *Younger v. Solomon, supra.*

We thus look to other sources and authorities to discern the applicable definition of "process" for this case.

In its order, the trial court cited the following definition of "judicial process" from an earlier edition of *Black's Law Dictionary:*

> In a wide sense, this term may include all the acts of a court from the beginning to the end of its proceedings in a given case; but *more specifically it means* the writ, summons, mandate, or *other process which is used to inform the defendant of the institution of proceedings against him and to compel his appearance,* in either civil or criminal cases.

*Black's Law Dictionary* 1370 (4th ed.1951) (emphasis added). However, "process" is defined in a more recent edition of *Black's* as follows:

> 1. The proceedings in any action or prosecution [due process of law]. 2. A summons or writ, esp. to appear or respond in court [service of process].
>
> "The term 'process' is not limited to 'summons.' In its broadest sense, it is equivalent to, or synonymous with, 'procedure,' or 'proceeding.' Sometimes the term is also broadly defined as the means whereby a court compels a compliance with its demands." 72 CJS *Process* § 2, at 589 (1987).

*Black's Law Dictionary* 1242 (8th ed.2004).

Process has also been defined as "action taken pursuant to judicial authority," and "the means whereby a court compels a compliance with its demands." *See State v. Graves,* 170 Vt. 646, 757 A.2d 462, 464 (2000) (quoting California and Missouri cases; finding support for a broad definition of "pro-

cess" in a number of cases considering the term "process" in a variety of contexts).

Contrary to Svensk's contention that process is strictly limited to a summons served to obtain personal jurisdiction over a party at the commencement of a case, C.R.C.P. 4(b), which deals specifically with process, indicates that process is broader than a summons and need not be issued by the clerk of the court. *See* C.R.C.P. 4(b) ("All other process shall be issued by the clerk, except as otherwise provided by these rules.").

For an example of "other process" that is not necessarily issued by the clerk of the court, we turn to C.R.C.P. 45(e), which provides: "Subpoenas for attendance at a deposition, hearing or trial shall be issued either by the clerk of the court in which the case is docketed, or by one of counsel whose appearance has been entered in the particular case in which the subpoena is sought."

A subpoena is generally considered process. *See* Fed.R.Civ.P. 4.1(a) (describing how "[p]rocess other than a summons as provided in Rule 4 or subpoena as provided in Rule 45" shall be served); *Ghandi v. Police Dep't,* 74 F.R.D. 115, 121 (E.D.Mich. 1977) (foreign corporation doing business in a district is subject to all process, including subpoena); *In re Grand Jury Subpoenas Duces Tecum,* 72 F.Supp. 1013, 1021 (S.D.N.Y.1947)(because all process may be served upon the Secretary of State, subpoena may be so served); *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co.,* 623 A.2d 1128, 1131 (Del.Super.Ct.1992)(subpoena properly served upon registered agent for service of process); *Siemens & Halske, GmbH. v. Gres,* 37 A.D.2d 768, 324 N.Y.S.2d 639 (N.Y.App. Div.1971) (subpoena included as process of the local court of record). *But see Syngenta Crop Prot., Inc. v. Monsanto Co.,* 908 So.2d 121 (Miss.2005)(subpoena held not to be process where statute permitted service upon registered agent for service of process by registered mail, because subpoena requires personal delivery).

■ We next consider whether post judgment interrogatories are process under the criteria discussed above. C.R.C.P. 69(d) provides:

(1) At any time after entry of a final money judgment, the judgment creditor may serve written interrogatories upon the judgment debtor in accordance with C.R.C.P. 45, requiring the judgment debtor to answer the interrogatories. *Within 20 days of service of the interrogatories upon the judgment debtor, the judgment debtor shall appear before the clerk of the court in which the judgment was entered to sign the answers to the interrogatories under oath and file them.*

(2) If the judgment debtor, after being properly served with written interrogatories as provided by this Rule, fails to answer the served interrogatories, the judgment creditor may file a motion, with return of the previously served written interrogatories attached thereto, and request an order of court requiring the judgment debtor to either answer the previously served written interrogatories within 20 days in accordance with the provisions of (d)(1) of this Rule or appear in court at a specified time to show cause why judgment debtor shall not be held in contempt of court for failure to comply with the order requiring answers to interrogatories; a copy of the motion, written interrogatories and a certified order of court shall be served upon judgment debtor in accordance with C.R.C.P. 45.

(Emphasis added.) In turn, C.R.C.P. 45(f) provides in pertinent part: "Written interrogatories pursuant to C.R.C.P. 69 shall be personally served on the judgment debtor in accordance with the requirements of, and in the manner provided for service of a subpoena under this Rule 45."

C.R.C.P. 69 has been interpreted liberally to assist judgment creditors in enforcing final money judgments. *See Hudson v. Am. Founders Life Ins. Co.,* 160 Colo. 420, 426, 417 P.2d 772, 776 (1966) (quoting *Bank of Minn. v. Hayes,* 11 Mont. 533, 29 P. 90, 91 (1892): "It is the principle and policy of the law to subject all property of the judgment debtor, not specially exempt, to the payment of his debts."). The comparable Fed. R.Civ.P. 69 "was intended to establish an effective and efficient means of securing the execution of judgments." *United States v. McWhirter,* 376 F.2d 102, 106 (5th Cir.1967); *see Alcon v. Spicer,* 113 P.3d 735, 741 (Colo. 2005) (when Colorado's rule is modeled after the corresponding federal rule, commentary and case law interpreting the federal rule is persuasive in interpreting the Colorado rule). In our view, a definition of "process" that would not allow post-judgment interrogatories to be served on a corporate judgment debtor, already subject to the jurisdiction of the court, by serving the corporation's registered agent for service of process would provide a means for such a judgment debtor to evade proper post-judgment proceedings in a manner that would be inconsistent with the liberal policies underlying the procedures authorized by C.R.C.P. 69.

C.R.C.P. 69(d) requires a judgment debtor, after being personally served with *post-judgment interrogatories,* not only to answer them, but also to appear before the clerk of the court within twenty days of service to sign the answers under oath and to file them with the court. This procedure differs from that governing *pretrial interrogatories,* which may simply be served upon a party's attorney. The answers to pretrial interrogatories must be signed under oath and served on the opposing party's attorney, but need not be filed with the court. *See* C.R.C.P. 33. In this sense, we conclude post-judgment interrogatories are similar to summonses, which may also be issued by an attorney and require the recipient to file a response or risk being held in default.

Thus, although the trial court here was correct that the proponent of C.R.C.P. 69(d) interrogatories need not file them with the court (at least not until a motion for show cause order is filed, pursuant to C.R.C.P. 69(d)(2)), in our view, the trial court did not give appropriate consideration to the more stringent requirements under C.R.C.P. 69(d)(1) for responding to such interrogatories, including the requirement that a judgment debtor's answers must be filed with the court.

Further, in contrast to pretrial interrogatories, post-judgment interrogatories constitute notice under C.R.C.P. 69(d), commanding the judgment debtor to appear and take

an oath before the clerk of the court. This procedure is similar to the issuance and service of a subpoena, because, in both cases, the document may be drafted and served by the party's attorney, and in both cases, a party may be held in contempt for ignoring the document. *See* C.R.C.P. 69(d); 6 David R. DeMuro, *Colorado Practice: Civil Trial Practice* § 8.23 (2d ed.2006).

■ Thus, C.R.C.P. 69(d) post-judgment interrogatories (1) notify the judgment debtor of the commencement of post-judgment discovery proceedings in aid of execution; (2) direct the judgment debtor to respond in writing and appear in person before the clerk of the court to sign and file responses under oath; and (3) subject the judgment debtor to court sanctions, including contempt, upon the failure to respond. We thus conclude that post-judgment interrogatories, pursuant to C.R.C.P. 69(d), are consistent with the dictionary definition of "process," because they effectively subject the judgment debtor to the power of court.

Here, Isis served C.R.C.P. 69(d) post-judgment interrogatories on Svensk that specifically stated they were "to be answered under oath within 20 days after the service hereof, in accordance with Rule 69(d), Colo. R. Civ. P." We conclude that these written interrogatories were "process."

## II.

Isis contends the trial court also erred by ruling that C.R.C.P. 45 does not permit service of C.R.C.P. 69(d) written interrogatories or a C.R.C.P. 69(d)(2) order to show cause on a corporate judgment debtor either by personal delivery to the corporation's registered agent for service of process, or by serving the registered agent outside Colorado. We agree.

## A.

■ We first conclude that personal service on a corporation's registered agent for service of process constitutes effective service under C.R.C.P. 45 and 69.

C.R.C.P. 69(d) mandates service in accordance with C.R.C.P. 45, which generally concerns subpoenas. As quoted above, C.R.C.P. 45(f) specifically provides, in pertinent part, that written interrogatories pursuant to C.R.C.P. 69 shall be "personally served on the judgment debtor in accordance with the requirements of, and in the manner provided for service of a subpoena under this Rule 45."

C.R.C.P. 45(c) provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person."

C.R.C.P. 45 does not provide any instruction as to how a corporation may be personally served. Thus, other courts have looked to their version of C.R.C.P. 4(e) for guidance, because it specifically provides how personal service of process on a corporation is to be accomplished. *See In re Pappas,* 214 B.R. 84, 85 (D.Conn.1997) ("Because [federal] Rule 45 does not specify what constitutes personal service upon a corporation, courts look to Fed.R.Civ.P. 4 for guidance."); *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 (E.D.N.Y.1997)(court used Fed.R.Civ.P. 4(e) to interpret Fed.R.Civ.P. 45 requirements for personal service); *see also* James Wm. Moore et al., *Moore's Federal Practice* § 45.21(1) n. 5 (3d ed.2006). We agree with these courts that C.R.C.P. 4(e) offers valuable guidance.

We acknowledge that a 1987 amendment to C.R.C.P. 69 now disallows substituted service that was previously permitted *on a natural person* under C.R.C.P. 4(e)(1). Thus, C.R.C.P. 69 now requires personal service pursuant to C.R.C.P. 45. *Cf. Stubblefield v. Dist. Court,* 198 Colo. 569, 603 P.2d 559 (1979) (holding that, under former C.R.C.P. 69, substituted service on a natural person was sufficient under C.R.C.P. 4(e)(1)). However, contrary to Svensk's contention, we conclude we may still properly look to C.R.C.P. 4 for guidance in defining personal service on a corporation, because the amendment to C.R.C.P. 69, which was adopted in response to *Stubblefield,* does not resolve the question whether personal delivery to a registered agent constitutes personal service *on a corporation.*

C.R.C.P. 4(e)(4) authorizes personal service on a corporation to be accomplished in the following manner, among others:

[u]pon any form of corporation, partnership, association, cooperative, limited liabil-

ity company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) *by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction.*

(Emphasis added.) This rule expressly permits personal service upon a registered agent for service of process. *See Wrecking Corp., Inc. v. Jersey Welding Supply, Inc.,* 463 A.2d 678, 679 (D.C.1983)(writ of attachment was personally and validly served upon a corporation's registered agent for service of process); *Drumm & Assocs., Inc. v. Boyd,* 413 So.2d 235, 237–38 (La.Ct.App.1982) (garnishment petition and interrogatories were to be personally served upon the agent for service of process); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil § 2454 (2d ed.1995).

Here, it is undisputed that Svensk was qualified to do business in California and that, at the time the post-judgment interrogatories were served, it had a designated and registered agent for service of process in California. This agent was the same agent Isis had served with the summons and complaint to obtain jurisdiction over Svensk at the commencement of the case. To obtain a certificate of qualification to transact business in California, a corporation must give in writing its "irrevocable consent to service of process directed to it upon the agent designated and to service of process on the Secretary of State if the agent so designated or the agent's successor is no longer authorized to act or cannot be found at the address given." Cal. Corp.Code § 2105(a)(5)(A) (2005). We therefore conclude that personal delivery of the interrogatories upon Svensk's designated agent was sufficient to constitute personal service on Svensk pursuant to C.R.C.P. 4(e)(4), 45(f), and 69(d).

██ Similarly, we conclude that the order to show cause and accompanying documents were personally served on Svensk by personal delivery to the California Secretary of State.

C.R.C.P. 4(e)(12) provides that personal service shall be accomplished by

delivering a copy to any designee authorized to accept service of process for such entity or person, or by delivery to a person authorized by appointment or law to receive service of process for such entity or person. The delivery shall be made in any manner permitted by such appointment or law.

It is undisputed that, pursuant to Cal. Corp.Code § 2105, Svensk irrevocably designated the California Secretary of State as a person authorized by law to receive personal service of process. *See* C.R.C.P. 4(e)(12) (defining personal service as delivery to a person authorized by law).

Svensk's registered agent for service of process resigned after he was served with the C.R.C.P. 69 interrogatories. When Isis learned of the resignation, it filed a motion in the Los Angeles County Superior Court, seeking leave to serve the Colorado court's order to show cause and accompanying documents on the California Secretary of State. Isis's motion specifically stated that C.R.C.P. 69(d) required service by personal delivery. The California court granted Isis's motion and thus authorized service upon the California Secretary of State.

We therefore conclude the order to show cause was personally served on Svensk by delivery to the California Secretary of State, and that service was authorized by the California court.

We also note there is no dispute that Svensk actually received the interrogatories and the order to show cause. *See Clemens v. Dist. Court,* 154 Colo. 176, 183, 390 P.2d 83, 86–87 (1964) ("The object of all process, whether by personal notice or by publication, is to give the person to be affected by the judgment sought notice thereof and an opportunity to defend." (quoting 42 Am.Jur. *Process* §§ 65, 67)); Moore, *supra,* § 45.21(1) ("The apparent purpose of the service requirement is to ensure receipt, so that notice will be provided to the recipient.... These are precisely the same policy concerns requiring service of original process....").

Relying on *Clemens v. District Court, supra,* Svensk contends that service on the

California Secretary of State was substituted service. However, *Clemens* involved service by a plaintiff on an individual tortfeasor who had no connection with the Secretary of State, in an attempt to acquire jurisdiction over the individual.

Here, in contrast, Svensk is a corporate defendant and was already subject to the jurisdiction of the court. It had designated an agent for service of process to receive personal service as defined by C.R.C.P. 4(e)(4) and, in the event that agent was unavailable, had also irrevocably designated the California Secretary of State as a person designated by law to receive service, thereby bringing it within the scope of personal service defined in C.R.C.P. 4(e)(12).

### B.

We also reject Svensk's contention that extraterritorial service of the C.R.C.P. 69(d) interrogatories was improper.

As discussed above, C.R.C.P. 4(e)(4) specifically allows for service on any entity that is recognized in any other jurisdiction and for personal delivery on the registered agent for service of process, as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction. It is undisputed that Svensk designated an agent for service of process in California to receive any process. Given our conclusion that post judgment interrogatories constitute process, we conclude that the post judgment interrogatories were properly and personally served upon Svensk's agent for service of process in California.

Svensk relies on *Solliday v. District Court*, 135 Colo. 489, 313 P.2d 1000 (1957), and *People v. Arellano–Avila*, 20 P.3d 1191, 1194 (Colo.2001). Those cases, however, are inapposite. Both *Solliday* and *Arellano–Avila* held that a Colorado court does not have authority to issue subpoenas to nonparty witnesses over whom the court has no jurisdiction. But neither case involved an attempt to serve a corporate party over which the court already had jurisdiction. Although C.R.C.P. 69 interrogatories, like subpoenas, must be personally served, such interrogatories may only be served on judgment debtors, who are already parties to the case, and over whom the court already has jurisdiction.

Svensk concedes that the trial court had continuing jurisdiction over it for purposes of C.R.C.P. 69 proceedings. When a party to a case leaves the state, the trial court's power over that party continues until all matters arising out of the litigation are resolved. *Brown v. Brown*, 183 Colo. 356, 359, 516 P.2d 1129, 1131 (1973). Therefore, we conclude that the post-judgment interrogatories and order to show cause could properly be served on Svensk in California by personally serving its designated agent for service of process, and, upon his resignation, by personally serving the California Secretary of State. A contrary result would mean that a party over whom Colorado courts have jurisdiction could have a judgment entered against it in Colorado, could leave the state before the judgment is enforced, and thus effectively could defeat the court's jurisdiction. We do not believe such a result is contemplated by C.R.C.P. 45 and 69.

The orders are reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge ROTHENBERG and Judge TERRY concur.